UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CV-25-FL

| | |
|---|---|
| SAS INSTITUTE INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **STIPULATED** |
| | ) **PROTECTIVE ORDER** |
| WORLD PROGRAMMING LIMITED | ) |
| | ) |
| Defendant. | ) |
| | ) |

Plaintiff SAS Institute Inc. ("**Plaintiff**") and Defendant World Programming Limited ("**Defendant**") (both Plaintiff and the Defendant are hereinafter individually referred to as a "**Party**", and collectively referred to as the "**Parties**"), through their respective counsel, hereby stipulate as follows:

**WHEREAS**, the Parties believe that certain Discovery Materials produced in this litigation may contain trade secrets or other confidential research, development, or commercial information as contemplated by Federal Rule of Civil Procedure 26(c); and

**WHEREAS**, the Parties assert that the prosecution and defense of this action will necessitate the exchange of some or all of the following, without limitation: customer lists, communications and documents regarding marketing and client development, computer software, computer source code, communications and notes regarding development of software code, and communications and agreements with vendors; and

**WHEREAS**, the Parties recognize that they engage in the same industry, and that the exposure of Discovery Materials to non-attorney employees of the receiving Party, or to members of the industry not involved in this litigation, could be harmful to the Parties; and

**WHEREAS**, the Parties believe that it would serve the interests of the Parties to

conduct discovery under a protective order pursuant to Rule 26(c).

**NOW THEREFORE**, the Parties respectfully submit this proposed Stipulated Protective Order ("Proposed Order" or the "Order") for entry by the Court.

**ORDER**

In accordance with the stipulation of the Parties, for good cause shown and finding no adverse effect upon the public interest, the Court enters the following protective order:

1. This Protective Order is intended to address the facts recited above as asserted by the Parties, specifically:

- that the prosecution and defense of this action will necessitate the exchange of, without limitation, some or all of customer lists, communications and documents regarding marketing and client development, computer software, computer source code, communications and notes regarding development of software code, and communications and agreements with vendors;

- that the Parties engage in the same industry; and

- that the exposure of Discovery Materials to non-attorney employees of the receiving Party, or to members of the industry not involved in this litigation, could be harmful to the Parties.

This Protective Order is not intended to address discovery objections to produce, answer, or respond on the grounds of attorney-client privilege or work product immunity nor to preclude either party from seeking further relief or protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure. Notwithstanding any provision of this Order, any party may seek additional protections from the Court pursuant to Rule 26(c)(1)(G) with respect to particular classes of information, including that such information not be revealed or revealed only in a way other than that designated herein.

2. For purposes of this Protective Order "Discovery Materials" means all

2

documents, materials, items, and/or information, including depositions, deposition exhibits, responses to any discovery requests (such as, responses to interrogatories, document requests and requests for admission) and any other information or material produced pursuant to discovery obligations in this action, whether produced in hard copy, electronic form or any other format that contain or comprise trade secrets; confidential research, development or commercial information; computer software; or computer source code produced or submitted during the course of this action either by a Party or by a nonparty to or for either of the Parties, and appropriately designated hereunder. Where applicable, Discovery Materials shall be accessed by the Parties on an "Approved Device(s)," meaning any computer or computer terminal, server, digital optical or other storage or retrieval system together with an appropriate means of display at a specified location which is approved in writing by the producing Party or nonparty to be used by the Party receiving the Discovery Material for the purposes of storing, reviewing, inspecting and/or testing the Discovery Material.

(a) In the event a Party receives Discovery Materials in digital form or other electronic format, that Party shall not load, copy or permit the loading, copying or outputting (display or print) of such computer software or computer source code included in the Discovery Materials on to anything other than an Approved Device.

(b) Parties shall keep access to the Approved Device and the Discovery Materials and shall not: (1) disclose any passwords or permit any security tokens to be possessed or controlled by anyone other than person designated by Paragraphs 10 and 11 below; (2) connect the Approved Device to any network (except as approved in writing by the producing Party or nonparty); or (3) transmit or permit or procure the transmission of information from the Approved Device without written approval from the producing Party.

3. Any Discovery Materials produced by any Party or nonparty as part of discovery in this action may be designated by such Party or nonparty as (1)

3

"Confidential" or (2) "Highly Confidential - Attorneys' Eyes Only" under the terms of this Protective Order. Any material in the nature of summaries or compilations derived from Discovery Materials designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" shall maintain the designation at the same level as the Discovery Materials from which they are derived.

4. Discovery Material designated as "Confidential" shall be those things that may be disclosed to the Parties for the purposes of the litigation only, but which must be protected against disclosure to non-Parties. "Confidential" Discovery Material contains non-public, proprietary, confidential, or personal information that is treated by the proprietor thereof as confidential and proprietary information and that is not otherwise publicly available or accessible, including but not limited to, business and/or financial research or development; identity of customers and/or prospective customers, suppliers, partners, investors and/or terms upon which either party does business with such suppliers and/or customers and/or prospective customers; or other commercial information that requires the protections provided in Paragraph 10 of this Protective Order. All pleadings in a certain action pending in the British High Court of Justice, Chancery Division, Intellectual Property which is captioned SAS Institute, Inc. and World Programming Limited, Case No. HC 09 C 03293 (the "pending U.K. Action.") shall be "confidential." Absent a specific order by this Court, once designated as "Confidential," such designated information shall be used by the Parties solely in connection with this litigation, and not for any business, competitive, or governmental purpose or function, and such information shall not be disclosed to anyone except as provided herein.

5. Discovery Materials designated as "Highly Confidential - Attorneys' Eyes Only" shall be those things that is both confidential (as defined in Paragraph 4 above) and that also comprises trade secret or commercially sensitive information requiring the protections provided in Paragraph 11 of this Order in order to protect sensitive

4

commercial information that should not be disclosed to a business competitor. "Highly Confidential - Attorneys' Eyes Only" Discovery Materials are things of a proprietary business or technical nature that might be of value to a competitor or potential customer of the Party or nonparty holding the proprietary rights thereto, and that must be protected from disclosure. "Highly Confidential – Attorneys' Eyes Only" shall apply to any and all documents received by either party, by whatever means, which arise from, relate or are part of any motions, discovery, or disclosure from a certain action pending in the pending U.K. Action. Absent a specific order by this Court, once designated as "Highly Confidential - Attorneys' Eyes Only," such designated information shall be used by the Parties solely in connection with this litigation, and not for any business, competitive, or governmental purpose or function, and such information shall not be disclosed to anyone except as provided herein.

6. Except as to documents with respect to the pending U.K. Action, nothing contained herein shall impose any restrictions on the use or disclosure by a party of Discovery Materials designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that was obtained lawfully by such party independently of any proceedings in this action, or which:

(a) was already known to such party by lawful means prior to acquisition from, or disclosure by, the other party in this action;

(b) is or becomes publicly known through no fault or act of such party; or

(c) is rightfully received by such party from a third party which has authority to provide such Discovery Material without restriction as to disclosure.

7. The designation of Discovery Material as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" for purposes of this Protective Order shall be made in the following manner by the Party or nonparty seeking protection:

(a) in the case of documents, exhibits, or other materials (apart from

5

depositions or other pretrial or trial testimony): by affixing the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" as appropriate and in a prominent location, to each page of the document containing any confidential Discovery Material at the time such documents are produced or such information is disclosed, or as soon thereafter as the Party or nonparty seeking protection becomes aware of the confidential nature of the Discovery Material disclosed and sought to be protected hereunder;

(b)     briefs, memoranda, interrogatory responses, responses to requests for admission or any other written discovery response containing confidential information shall be designated "Confidential" or "Highly Confidential - Attorney's Eyes Only" and shall not be bound together with responses not containing confidential information.

(c)     in the case of depositions or other pretrial or trial testimony: (i) by a statement on the record, by counsel, during such deposition or other pretrial or trial proceeding that the entire transcript or a portion thereof shall be designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only," as appropriate, hereunder; or (ii) by written notice of such designation sent by counsel to all Parties within fifteen days after the mailing (via overnight mail) to counsel of the transcript of the deposition. During a deposition, the deponent or his counsel, or any other counsel of record present at the deposition, may invoke the provisions of this Protective Order in a timely manner, giving adequate warning to counsel for the Party or nonparty that testimony about to be given is deemed "Confidential" or "Highly Confidential - Attorneys' Eyes Only." Unless so designated or agreed, any confidentiality is waived after the expiration of the fifteen day period unless otherwise stipulated or ordered. The Parties may modify this procedure for any particular deposition or proceeding through agreement on the record at such deposition or proceeding or otherwise by written stipulation, without further order of the Court. If any document or information designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" is used

6

during the course of a deposition, that portion of the deposition record reflecting such confidential information shall be sealed and stamped with the designated degree of confidentiality, and access thereto shall be limited pursuant to the other terms of this Protective Order.

8.      In the event that any person except those listed in Paragraph 10 or Paragraph 11, as applicable, is present at a deposition, at a time when counsel for any party other than the producing Party intends to use a document designated as "Confidential" or "Highly Confidential - Attorney's Eyes Only" by any party to this action, the counsel intending to use such document shall provide the document separately to counsel for the producing Party immediately prior to the specific document being presented to the witness. Counsel for that Party shall then be afforded a reasonable opportunity to review the document to determine whether that Party desires to suspend the deposition and move for a protective order pursuant to Rule 26(c) to exclude any person except those listed in Paragraph 10 or Paragraph 11, as applicable, from that portion of the deposition. Such determination shall be made during the course of the deposition and without consultation of the witness being deposed. In the event that counsel for the producing Party determines that the deposition should be suspended for the purposes set forth above, the examining attorney shall endeavor to complete all other questioning which does not raise the issue of suspension prior to the actual suspension of the deposition. The time expended by counsel for the Party making the determination whether to suspend the deposition shall not count against the time allowed for such deposition.

9.      Upon the assertion by counsel for any party or nonparty during the course of a deposition upon oral examination that a question propounded calls for the oral disclosure of "Confidential Information" or "Highly Confidential - Attorney's Eyes Only" information, all testimony so given shall be designated as "Confidential" or "Highly Confidential - Attorney's Eyes Only," as shall the portion of the transcript of the

7

deposition concerning the information. In addition, such counsel shall be afforded a reasonable opportunity to determine whether its client desires to suspend the deposition and move for a protective order pursuant to Rule 26(c) to exclude any person except those listed in Paragraphs 10 and 11, respectively, as appropriate, from that portion of the deposition. Such determination shall be made during the course of the deposition and without consultation of the witness being deposed. In the event that such counsel determines that the deposition should be suspended for the purposes set forth above, the examining attorney shall endeavor to complete all other questioning which does not raise the issue of suspension prior to the actual suspension of the deposition. The time expended by counsel in making the determination whether to suspend the deposition shall not count against the time allowed for such deposition.

10.    Discovery Material designated as "Confidential," or copies or extracts therefrom and compilations and summaries thereof, may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

(a)    Parties' outside counsel of record in this action and regular and temporary employees of such counsel to whom it is necessary that the Discovery Material be shown for the purposes of this litigation;

(b)    Parties and employees of the Parties whose assistance is needed by counsel for the purposes of this litigation;

(c)    consultants as defined in Paragraph 12 herein and pursuant to the provisions of Paragraph 13 herein and subject to and conditioned upon compliance with Paragraph 14 herein;

(d)    the Court and its officers, pursuant to Paragraph 16 herein;

(e)    court reporters employed in connection with this action;

(f)    graphics or design services retained by counsel for a Party for purposes of preparing demonstrative or other exhibits for deposition, trial or other court

8

proceedings in this action, subject to and conditioned upon compliance with Paragraph 14 herein;

(g) non-technical jury or trial consulting services retained by counsel for a Party, subject to and conditioned upon compliance with Paragraph 14 herein;

(h) any fact witness educated, prepared and/or called as a witness; and

(i) any other person only upon order of the Court or upon written consent of the Party producing the confidential Discovery Material subject to and conditioned upon compliance with Paragraph 14 herein.

11. Discovery Material designated as "Highly Confidential - Attorneys' Eyes Only," or copies or extracts therefrom and compilations and summaries thereof, may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

(a) Parties' outside counsel of record in this action and regular and temporary employees of such counsel to whom it is necessary that the Discovery Material be shown for the purposes of this litigation;

(b) not more than three designated in-house counsel from each named party;

(c) consultants as defined in Paragraph 12 herein and pursuant to the provisions of Paragraph 13 herein and subject to and conditioned upon compliance with Paragraph 14 herein;

(d) the Court and its officers, pursuant to Paragraph 16 herein;

(e) court reporters employed in connection with this action;

(f) graphics or design services retained by counsel for a Party for purposes of preparing demonstrative or other exhibits for deposition, trial or other court proceedings in this action, subject to and conditioned upon compliance with Paragraph 14 herein;

(g) non-technical jury or trial consulting services retained by counsel

9

for a Party, subject to and conditioned upon compliance with Paragraph 14 herein;

(h)  any other person only upon order of the Court or upon written consent of the Party producing the confidential Discovery Material subject to and conditioned upon compliance with Paragraph 14 herein.

12.  For purposes of Paragraphs 10(c) and 11(c) herein, a consultant shall be defined as a person who is neither an employee of a Party nor anticipated to become an employee in the near future, and who is retained or employed as a bona fide consultant or expert for purposes of this litigation, whether full or part time, by or at the direction of counsel for a Party, and his or her secretarial assistants.

13.  The procedure for having a consultant approved for access to Discovery Materials designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" shall be as follows:

(a)  The Party seeking to have a consultant approved, as defined in Paragraph 10 herein, shall provide the other Parties with a current resume or curriculum vitae of such person, which shall include a description of past and present employers and persons or entities with whom the consultant has been engaged in any consulting relationships in the last ten years, and a copy of a completed and signed undertaking in the form attached hereto as **Exhibit A**.

(b)  Within ten days after faxing or electronically transmitting the information and signed undertaking described in subparagraph (a) by the Party seeking approval, the other Parties may object to the person proposed for approval if facts available to that Party give it reason to believe that there is a reasonable likelihood that the designated person may use information designated "Confidential" or "Highly Confidential - Attorneys' Eyes Only" for purposes other than the preparation or trial of this case. Failure to object via fax or electronic transmittal within ten days to a person proposed shall be deemed approval, but shall not preclude a Party from objecting to continued access of "Confidential" or "Highly Confidential - Attorneys' Eyes Only"

10

information by that person where facts suggesting a basis for objection are subsequently learned by the Party or its counsel.

        (c)     If the other Party so objects, the Parties shall, within fifteen days from the date of the mailing of notice of objection, confer and attempt to resolve the dispute. Within such time the objecting Party shall inform the Party requesting approval of its reasons for objecting to the designated person. If the Parties cannot resolve the dispute, or if the conference does not take place, then, within fifteen days from the date of the conference or within thirty days from the date of the faxing or electronically transmitting notice of objection, the objecting Party may move the Court for an order that access to information designated "Confidential" or "Highly Confidential - Attorneys' Eyes Only" be denied to the designated person. These time periods are not to restrict either Party from moving for a court order earlier if the circumstances so require. Failure to file a motion within these periods shall constitute waiver of the specific objection, but shall not preclude a Party from objecting to continued access of "Confidential" or "Highly Confidential - Attorneys' Eyes Only" information where facts suggesting a basis for objection are subsequently learned by the Party or its counsel.

        14.     All persons listed in Paragraphs 10(b), 10(c), 10(f), 10(g) and 10(h) above may be given access to Discovery Material designated as "Confidential," provided that they first confirm their understanding and agreement to abide by the terms of this Protective Order by completing and signing a copy of an undertaking in the form attached hereto as **Exhibit A**. Similarly, all persons listed in Paragraphs 11(b), 11(e), 11(f) and 11(g) above may be given access to Discovery Material designated as "Highly Confidential - Attorneys' Eyes Only" provided that they first confirm their understanding and agreement to abide by the terms of this Protective Order by completing and signing a copy of an undertaking in the form attached hereto as **Exhibit A**. An executed copy of **Exhibit A** shall be provided to the adverse party(ies) for each person listed in Paragraphs 10(b), 10(c), 10(f), 10(g) and 10(h) or 11(b), 11(c), 11(f) and 11(g) prior to that person

11

having access to said Confidential or Highly Confidential information, respectively.

15. Any person may be examined as a witness at trial or during a deposition concerning any Discovery Material designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" which that person had lawfully received or authored prior to and apart from this action. During examination, any such witness may be shown Discovery Material designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" by a Party which appears on its face or from other documents or testimony to have been received or authored by that witness from, or communicated to that witness by, that same Party provided that the examining Party makes a reasonable effort to obtain the witness' compliance with Paragraph 14.

16. Documents, interrogatory responses, responses to requests for admission, depositions transcripts, or other Discovery Material designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only," where filed with the pleadings or as evidence, shall be delivered sealed to the Clerk of the Court and shall not be available for public inspection.

Each time a party seeks to file under seal confidential documents, things, and/or information, said party shall accompany the request with a motion to seal and a supporting memorandum of law specifying (a) the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested; (b) where it is necessary for the Court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access; (c) the specific qualities of the material at issue which justify sealing such material; (d) the reasons why alternatives to sealing are inadequate; and (e) whether there is consent to the motion. Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the Court.

When a party seeks to file confidential documents, things, and/or information,

12

including confidential portions of any transcript, a party shall submit such materials to the Court in a sealed envelope or other appropriately sealed container, which covering shall be endorsed with the title of this action and a statement substantially in the following form: **"Filed Under Seal Pursuant to Protective Order."**

17.     A Party may challenge the other Party's designation of Discovery Materials produced herein as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" by serving a written objection upon the producing Party. The producing Party shall notify the challenging Party in writing of the bases for the asserted designation within ten days after receiving any written objection. The Parties shall confer in good faith as to the validity of the designation within five days after the challenging Party has received the notice of the bases for the asserted designation. To the extent the Parties are unable to reach an agreement as to the designation, the objecting Party may make an appropriate application to this Court within fifteen days after conferring with the producing Party, with confidential portions thereof to be kept under seal, requesting that specifically identified documents, information, and/or deposition testimony be excluded from the provisions of this Protective Order or downgraded in terms of the degree of protection provided. Until a dispute over the asserted designation is finally resolved by the Parties or the Court, all Parties and persons shall treat the Discovery Materials in question as designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only."

18.     All "Confidential" or "Highly Confidential - Attorneys' Eyes Only" information and material covered by this Protective Order shall be kept in secure locations, and access to those facilities shall be permitted only to those designated persons set forth in Paragraphs 10 and 11 above as persons properly having access thereto.

        (a)     All counsel for the Parties shall maintain a written record of the names of the designated persons set forth in Paragraphs 10 and 11 above who have access

13

Case 5:10-cv-00025-FL   Document 29   Filed 06/08/10   Page 13 of 23

to Discovery Materials, a copy of his or her signed **Exhibit A** as set forth in Paragraph 14 and a record of the disclosed Discovery Material along with the manner in which the information or material was disclosed to each designated person.

(b) Each person with access to confidential material as designated by Paragraphs 10 and 11, except for those persons described under 10(d), 10(e), 11(d) and 11(e), shall be responsible for maintaining a written record of the number of copies of Discovery Material in his or her possession.

19. All counsel for the Parties who have access to Discovery Material designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" under this Protective Order acknowledge they are bound by this Order and submit to the jurisdiction of this Court for purposes of enforcing this Order.

20. Entering into, agreeing to, and/or producing or receiving Discovery Material designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only," or otherwise complying with the terms of this Protective Order shall not:

(a) operate as an admission by any Party that any particular Discovery Material designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" contains or reflects trade secrets, proprietary or commercially sensitive information, or any other type of confidential information;

(b) operate as an admission by any Party that the restrictions and procedures set forth herein constitute or do not constitute adequate protection for any particular information deemed by any Party to be "Confidential" or "Highly Confidential - Attorneys' Eyes Only";

(c) prejudice in any way the rights of the Parties to object to the production of documents they consider not subject to discovery;

(d) prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Protective Order;

14

(e)     prejudice in any way the rights of a Party to seek a determination by the Court whether any Discovery Material should be subject to the terms of this Protective Order;

(f)     prejudice in any way the rights of a Party to petition the Court for a further protective order relating to any purportedly confidential information;

(g)     prejudice in any way the rights of a Party to make a showing that Discovery Materials of proprietary or competitive value, but which is not specifically included in the categories of "Highly Confidential - Attorneys' Eyes Only" Discovery Materials itemized in Paragraph 5 above, is properly designated "Highly Confidential - Attorneys' Eyes Only";

(h)     prevent the Parties to this Protective Order from agreeing in writing or on the record during a deposition or hearing in this action to alter or waive the provisions or protections provided for herein with respect to any particular Discovery Material.

(i)     shift any evidentiary burdens with respect to the protection or production of documents or information in this action; or

(j)     prevent the Parties from contacting or obtaining testimony from witnesses identified in documents designated as "Confidential" or "Highly Confidential" under this Protective Order.

21.     This Protective Order has no effect upon, and shall not apply to, a Party's use or disclosure of its own confidential information for any purpose.

22.     The parties shall make every reasonable effort to act in good faith to limit and curtail the volume of information, documents, things, testimony or other materials designated by them as "Confidential" or "Highly Confidential - Attorney's Eyes Only" under this Protective Order; shall use their best efforts to act in good faith to separate out and segregate documents, things and other materials containing confidential information from those that do not contain confidential information; shall use their best efforts to act

15

in good faith to limit the number of persons to whom confidential information is to be disclosed; and shall confer with each other in good faith for the purpose of attempting to limit and curtail the volume of information and materials to be so designated, consistent with the provisions above. The burden of proof regarding the level of confidentiality of any information shall at all times be on the party claiming that Discovery Material warrants a confidentiality designation.

24.     In the event that information in the possession or control of a Party involves the confidentiality rights of a nonparty or its disclosure would violate a Protective Order issued in another action, including the pending U.K. Action, the Party with possession or control of the information will attempt to obtain the consent of the nonparty to disclose the information under this Order. If the consent of the nonparty cannot be obtained, the Party will notify the Party seeking discovery of: (a) the existence of the information without producing such information and; (b) the identity of the nonparty (provided, however, that such disclosure of the identity of the nonparty does not violate any confidentiality obligations). The Party seeking discovery may then make further application to the nonparty or seek other means to obtain such information. Non-Parties may avail themselves of the protections of this order, provided they execute the Consent form attached hereto.

26.     If a Party inadvertently produces "Confidential" or "Highly Confidential - Attorneys' Eyes Only" information without marking it as such, it may be disclosed to others until the receiving Party becomes aware of the error, unless it appears from the face of the document that it contains non-public, confidential, proprietary, commercially sensitive, or trade secret information of the producing Party. As soon as the receiving Party becomes aware of the inadvertent production, the information must be treated as if it had been timely designated under this Protective Order, and the receiving Party must endeavor in good faith to obtain all copies of the document which it distributed or disclosed to persons not authorized to access such information by Paragraphs 10 or 11

16

above, as well as any copies made by such persons.

27.     The terms of this Protective Order shall apply to all manner and means of discovery, including entry onto land or premises, and inspection of books, records, documents, computer software, computer source code, and tangible things.

28.     It is the present intention of the Parties that the provisions of this Protective Order shall govern discovery and other pretrial and trial proceedings in this action. Nonetheless, each of the Parties hereto shall be entitled to seek modification of this Protective Order by application to the Court on notice to the other Party hereto for good cause.

29.     The Parties agree to be bound by the terms of this Protective Order pending its entry by the Court, or pending the entry of an alternative thereto which is satisfactory to all Parties, and any violation of its terms shall be subject to the same sanctions and penalties as if the Protective Order had been entered by the Court.

30.     In the event that any Discovery Material designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" hereunder is used in any court proceeding in this action or any appeal therefrom, such Discovery Material shall not lose its status as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" through such use, provided that there is full compliance with the provisions of this Protective Order. Counsel for the Parties shall confer on such procedures as are necessary to protect the confidentiality of any documents, information and transcripts used in the course of any court proceedings, and shall incorporate such procedures, as appropriate, in the pre-trial order.

31.     If any Party (a) is subpoenaed in another action, (b) is served with a demand in another action to which it is a Party, or (c) is served with any other legal process by one not a Party to this action, seeking Discovery Material which was produced or designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" by someone other than that Party, the Party shall give prompt actual written notice, by hand,

17

fax or electronic transmission, within ten days of receipt of such subpoena, demand or legal process, to those who produced or designated the Discovery Material "Confidential" or "Highly Confidential - Attorneys' Eyes Only" and shall take reasonable efforts to preserve the designating Party's right to object to its production to the extent permitted by law. Should the person seeking access to the Discovery Material take action against the Party or anyone else covered by this Protective Order to enforce such a subpoena, demand or other legal process, the Party shall respond by setting forth the existence of this Protective Order. Nothing herein shall be construed as requiring the Party or anyone else covered by this Protective Order to challenge or appeal any order requiring production of Discovery Material covered by this Protective Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

32. On final termination of this action:

(a) counsel to the Parties are permitted to retain one archive copy of all attorney work product, correspondences, expert reports, transcripts, briefs, memoranda, interrogatory responses, responses to requests for admission or other written discovery responses containing Discovery Materials designated as "Confidential" or "Highly Confidential – Attorneys Eyes Only."

(b) all other Discovery Materials designated as "Confidential" or "Highly Confidential – Attorneys Eyes Only" pursuant to this Order, including all copies thereof and notes made therefrom, shall be destroyed or returned by all persons who have been provided access to such confidential information and documents, including persons retained to furnish expert services or to give expert testimony in this action, to counsel for the party making such designation. If a Party shall destroy such Discovery Materials, they shall provide a written certification to the disclosing Party that the Discovery Materials have been destroyed.

(c) The termination of proceedings in this action shall not relieve any

18

person to whom confidential material has been disclosed from the obligations of this Order, unless the Court orders otherwise.

33.    This Protective Order shall remain in full force and effect until modified, superseded or terminated by further Order of the Court, and shall survive the termination of this action. The entry of this Protective Order shall be without prejudice to the rights of either party to apply for additional or different protection, or to seek to compel the production or disclosure of additional or different information, or the rights of the parties to agree between themselves, subject to the Court's approval, if necessary, as to any specific additional or different protection or provisions for treatment of any specific information, documents, testimony or things.

34.    In the event additional parties or attorneys join or are joined in this action, they shall not be given access to any Discovery Material designated "Confidential" or "Highly Confidential - Attorney's Eyes Only" until they have filed a written Undertaking in this proceeding agreeing to be bound by this Order.

35.    If the Court determines that any party has violated the terms of this Protective Order, it may impose such sanctions against that party as it deems appropriate. Further, any violation of the terms of this Order, and/or any improper disclosure or use of any document, information, or Discovery Material designated as "Confidential" or "Highly Confidential - Attorney's Eyes Only" (including, without limitation, any information contained therein or derived therefrom), may cause irreparable harm to one or more of the parties to this Order and may permit the Court to award any appropriate relief to a  party, including without limitation injunctive relief and/or an award of damages, costs, and/or attorneys' fees.

19

## ORDER

For good cause shown and finding no adverse effect upon the public interest, IT

IS SO **ORDERED.**

Dated: Jun 7 2010

_____

**SO STIPULATED:**

For Plaintiff SAS Institute Inc.:

Dated: May 20, 2010

/s/ Pressly M. Millen

Pressly M. Millen, NCSB No. 16178
Womble Carlyle Sandridge & Rice, PLLC
*A Professional Limited Liability Company*
150 Fayetteville Street, Suite 2100
Post Office Box 831
Raleigh, North Carolina 27602
Telephone: (919) 755-2100
Facsimile: (919) 755-6067
Email: pmillen@wcsr.com

For Defendant World Programming Limited:

Date: May 20, 2010

/s/Peter Brown

Peter Brown, NYB No. 1136894
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4660
Facsimile: (212) 589-4201
Email: pbrown@bakerlaw.com

Dated: May 20, 2010

/s/ Christopher T. Graebe

Christopher T. Graebe, NCSB No.
Graebe Hanna & Welborn, PLLC
4350 Lassiter at North Hills Ave., Ste. 375
Raleigh, North Carolina 27609
Telephone: (919) 863-9092
Email: cgraebe@ghwlawfirm.com

# EXHIBIT A

## EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CV-25-FL

| | |
|---|---|
| SAS INSTITUTE INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **UNDERTAKING** |
| | ) |
| WORLD PROGRAMMING LIMITED | ) |
| | ) |
| Defendant. | ) |
| | ) |

I, the undersigned, hereby acknowledge that I have read the Stipulated Protective Order in this action, understand its terms, and agree to be bound by them and I hereby submit to the jurisdiction of the United States District Court of the Eastern District of North Carolina to enforce them. I acknowledge that I will treat any CONFIDENTIAL and HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY material I receive in this action strictly accordingly to the terms of the Protective Order, and that I understand that any unauthorized use of the CONFIDENTIAL and HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY material I receive constitutes contempt of court. I further understand that the party producing or designating the Confidential Discovery material or with an interest in any confidential information may notify the Court of any violation of this Undertaking.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: _____          _____

Signature

21

Name: _____

Title: _____

Employer: _____

Address: _____

_____

_____

Phone: _____

Fax: _____

Email: _____@_____

22

Case 5:10-cv-00025-FL   Document 29   Filed 06/08/10   Page 23 of 23