IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CV-25-FL

| | |
|---|---|
| SAS INSTITUTE INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| WORLD PROGRAMMING LIMITED, ) | |
| ) | |
| Defendant. ) | |

This matter comes before the court on defendant's motion to be relieved of responding to plaintiff's motion for a preliminary injunction (DE # 36). Defendant's motion has been fully briefed, and the issues raised therein now are ripe for adjudication. For the reasons that follow, defendant's motion is denied.

## BACKGROUND

Plaintiff, a software company headquartered in North Carolina, commenced this action by filing complaint with the court on January 19, 2010. Plaintiff alleges that defendant, a competitor headquartered in the United Kingdom, infringed on its copyrights, breached a licensing agreement, tortiously interfered with actual and potential contractual relationships between plaintiff and third parties, and engaged in unfair and deceptive trade practices in violation of North Carolina law.

On March 17, 2010, defendant filed a motion to dismiss plaintiff's action for lack of personal jurisdiction, for failure to state a claim upon which relief can be granted, and for *forum non conveniens*. In the alternative, defendant asked the court to transfer the action pursuant to 28 U.S.C.

§ 1404(a). Without conceding that jurisdiction is appropriate in any judicial district within the United States, defendant argues that it would suffer less burden in litigating this case in the Southern or Eastern Districts of New York, or the District of New Jersey.

On May 27, 2010, plaintiff filed a motion to compel defendant to respond to certain jurisdictional discovery requests in order to allow plaintiff to fully respond to defendant's arguments. Plaintiff proceeded to file a memorandum in opposition to defendant's motion to dismiss, but noted its request that the court grant the motion to compel if it felt plaintiff provided insufficient factual support for its opposition. On June 10, 2010, defendant responded to plaintiff's motion to compel. The next day, it filed a reply with respect to its motion to dismiss. The two motions were referred to a magistrate judge on July 14, 2010.

On December 22, 2010, plaintiff filed a motion for a preliminary injunction. It appears that while the motions to dismiss and to compel were pending before this court, parallel litigation in the United Kingdom proceeded to judgment following a bench trial before the Chancery Division of the High Court of Justice. Based in part on the finding of the UK court that defendant breached the license agreement between the parties, plaintiff seeks to enjoin defendant from selling its software in the United States during the pendency of this action.

In a letter to the undersigned dated December 22, 2010, counsel for defendant requested to be relieved on the necessity to respond to plaintiff's motion for a preliminary injunction while defendant's own motion to dismiss remains pending. By order entered December 30, 2010, the court took this letter into the record as a motion, allowing plaintiff seven days to show cause why the requested relief should not be granted. Plaintiff timely responded on January 5, 2011. Defendant filed reply on January 7, 2011.

## DISCUSSION

Defendant argues that it should be relieved of the responsibility of responding to plaintiff's motion for a preliminary injunction on two grounds. First, defendant fears that its participation risks waiving its challenge to personal jurisdiction. Second, defendant contends that it will be required to spend considerable time and money responding to a motion it believes to be moot. As a corollary to this second argument, defendant suggests that judicial economy will be served if this court determines whether personal jurisdiction exists before ruling on any motion for preliminary injunction. After a careful consideration of these arguments, the court concludes that they do not merit relieving defendant of its obligation to respond to plaintiff's motion.

The court begins by addressing defendant's waiver argument. It is true that in some circumstances, the "actions of [a] defendant may amount to a legal submission to the jurisdiction of the court, whether voluntary or not." Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 704-05 (1982). Defendant specifically draws the court's attention to the holding of the Third Circuit that "a defendant who participates in the adjudication of the plaintiff's application for a preliminary injunction without securing a determination of his challenge to the court's personal jurisdiction over him submits himself to the jurisdiction of the court unless it is not reasonably feasible to first secure that determination." Bel-Ray Co. v. Chemrite Ltd., 181 F.3d 435, 443 (3d Cir. 1999) (citing Wyrough & Loser, Inc. v. Pelmor Labs., Inc., 376 F.2d 543, 547 (3d Cir.1967)).

The facts of the Wyrough and Bel-Ray cases are dissimilar from those presented here. In the former, the defendant did not raise the question of personal jurisdiction until after participating in a hearing on the motion for preliminary injunction. See Wyrough, 376 F.2d at 545. In the latter, the

3

defendant moved for summary judgment and, when the motion was denied, moved to dismiss for lack of personal jurisdiction. See Bel-Ray, 181 F.3d at 444-45. Although in each case the defendant had raised the defense of personal jurisdiction in its answer, thereby technically complying with the requirements of Rule 12(h), the failure to move as swiftly as possible in presenting those issues to the court for adjudication was held to constitute a waiver.

By contrast, defendant here moved to dismiss for lack of personal jurisdiction in its first responsive pleading, before filing an answer, thereby presenting the issue to the court at the first possible opportunity. The matter has been fully briefed and, although the court has been regrettably dilatory in adjudicating the motion, it cannot be said that defendant has failed to attempt to secure an early determination of the issue. Where a defendant files a motion under Rule 12(b)(2) prior to opposing a motion for preliminary injunction, courts have not found waiver of the jurisdictional defense. See, e.g., Nanoexa Corp. v. Univ. of Chicago, 2010 WL 4236855, at *2 n.2 (N.D. Cal. Oct. 21, 2010); Melt Franchising, LLC v. PMI Enters., Inc., 2008 WL 4414638, at *2 (Sept. 25, 2008); Akshayraj, Inc. v. Getty Petrol. Mktg., Inc., 2007 WL 4554212, at *7 n.4 (D.N.J. Dec. 20, 2007); cf. Bear Stearns Cos. Inc. v. Lavalle, 2000 WL 34339773, at *2 (N.D. Tex. Oct. 27, 2000) (holding that defendant did not waive challenge to personal jurisdiction because he raised the issue in his brief in opposition to plaintiff's motion for a preliminary injunction).

The court next addresses defendant's assertion that responding to plaintiff's motion for a preliminary injunction will require the unnecessary expenditure of a considerable amount of time and money. Defendant argues that it should not have to incur these costs before the court adjudicates its pending challenge to personal jurisdiction, because a favorable ruling on defendant's motion to dismiss would moot plaintiff's motion for a preliminary injunction. For this same reason, defendant

contends that judicial economy is best served if the court rules on the jurisdictional question first. See Bel-Ray, 181 F.3d at 443 ("Because there 'exists a strong policy to conserve judicial time and resources,' we have held that 'preliminary matters such as . . . personal jurisdiction . . . should be raised and dispose of before the court considers the merits or quasi-merits of a controversy.'") (quoting Wyrough, 376 F.2d at 547).

Neither judicial economy nor the anticipated cost to defendant of responding to plaintiff's motion justifies the relief sought. First, it is not at all obvious to the court that defendant's response will require the expenditure of vast quantities of time and money. If defendant is confident that the court can come to no other conclusion but that personal jurisdiction does not exist, its response to plaintiff's motion may be little more than a recitation of the arguments already contained in its motion to dismiss. But even if defendant determines that prudence requires addressing the merits of plaintiff's motion for a preliminary injunction, the court does not see how the situation presented here differs materially from any other instance in which a litigant must defend against a motion that is ultimately denied. The defending party generally bears the costs of such a response, regardless of whether the motion is without merit or is mooted by subsequent events.*

Second, the court cannot agree that judicial economy will be best served by holding plaintiff's motion in abeyance pending decision on the motion to dismiss. The court understands defendant's frustration that the long-pending motion to dismiss has yet to be adjudicated, but does

---

* The rule that "parties bear their own legal costs, win or lose[,] . . . [is] 'deeply rooted' in our nation's common law tradition, with origins dating back perhaps as early as 1796." In re Crescent City Estates, LLC, 588 F.3d 822, 825 (4th Cir. 2009). Of course, a party may recover costs of litigation incurred if the opposing attorney "multiplies the proceedings . . . unreasonably and vexatiously." See 28 U.S.C. § 192. Indeed, the court would be inclined to relieve a party from the burden of filing a response to an obviously frivolous motion. However, without forecasting any decision on defendant's motion to dismiss, the court notes that the merits of defendant's challenge to personal jurisdiction are not so inconstestable as to render plaintiff's motion for a preliminary injunction a lost cause or a malicious or frivolous undertaking.

5

not believe that this justifies further delay in these proceedings. Although the press of judicial business has considerably slowed progress of this case, the court is mindful of its duty to act in a way that "secure[s] the just, speedy, and inexpensive determination of every action and proceeding" before it. See Fed. R. Civ. P. 1. Therefore, in the event that the court determines that personal jurisdiction does exist, it will be most efficient for the court to immediately proceed to the merits of plaintiff's motion for a preliminary injunction.

## CONCLUSION

For the reasons given above, defendant's motion to be relieved of the burden of filing a response to plaintiff's motion for a preliminary injunction is DENIED. Defendant shall have twenty-one (21) days from date of entry of this order to file its response. Plaintiff shall have fourteen (14) days after service of such response to file a reply, if any.

SO ORDERED, this the 27 day of January, 2011.

LOUISE W. FLANAGAN
Chief United States District Court Judge

6