IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CV-25-FL

| | | |
|---|---|---|
| SAS INSTITUTE INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| WORLD PROGRAMMING LIMITED, | ) | |
| Defendant. | ) | |

This matter comes before the court on defendant's motion to dismiss for lack of personal jurisdiction, for failure to state a claim, and for *forum non conveniens* (DE # 11). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), defendant's motion was referred to United States Magistrate Judge James E. Gates for entry of a memorandum and recommendation ("M&R"). The magistrate judge recommends that the court deny the motion without prejudice, pending jurisdictional discovery.

Defendant filed objection to the M&R, contending that the court may address its non-jurisdictional arguments without additional discovery. Plaintiff responded, referring the court to its previously filed opposition to defendant's motion to dismiss. In this posture, the issues raised are ripe for ruling. Because the court determines that it may reach defendant's motion to dismiss for *forum non conveniens* before determining whether personal jurisdiction exists, and where that motion is meritorious for the reasons that follow, the court declines to adopt the recommendation of the magistrate judge. Instead, defendant's motion to dismiss will be granted.

## BACKGROUND

Plaintiff is a North Carolina corporation that produces computer software. Defendant is a competing software company, incorporated under the laws of England and Wales, which has developed software that reproduces central aspects of a popular program created by plaintiff.

On October 19, 2009, plaintiff initiated a lawsuit against defendant arising out of the creation of the competing software. Plaintiff did not file its action in this court, but instead brought claims of copyright infringement and breach of a licensing agreement before the Chancery Division of the High Court of Justice ("Chancery Division") in the United Kingdom ("U.K.").

Three months later, on January 19, 2010, plaintiff elected to file nearly identical claims here in the United States. The complaint before this court, premised on the same facts as the U.K. litigation, includes claims for copyright infringement and breach of the same licensing agreement. In addition, plaintiff has added state law claims for tortious interference with contract, tortious interference with prospective business advantage, and unfair and deceptive trade practices.

On March 17, 2010, defendant filed a motion to dismiss plaintiff's action for lack of personal jurisdiction pursuant to Rule 12(b)(2), for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), and for *forum non conveniens*. Plaintiff responded in opposition on May 27, 2010, but sought additional jurisdictional discovery in order to fully respond to the arguments raised by defendant. Defendant timely responded to plaintiff's motion to compel jurisdictional discovery and timely replied with respect to its motion to dismiss.

In the meantime, the U.K. litigation continued apace. Following a trial in which both parties were represented by counsel, presented evidence, and cross-examined witnesses, the Chancery Division issued an interim judgment on July 23, 2010. The court made a number of findings of fact,

but concluded that ultimate resolution of the case would be determined by important issues of interpretation of European Union law. Accordingly, the court referred certain questions to the European Court of Justice.

On this side of the Atlantic, consideration of plaintiff's claims proceeded less expeditiously. On February 3, 2011, the magistrate judge granted in part and denied in part the motion to compel, concluding that additional jurisdictional discovery was appropriate before the court turned to the merits of defendant's personal jurisdiction defense. In his M&R entered contemporaneously with the order on the motion to compel, the magistrate judge recommended that this court deny defendant's motion to dismiss without prejudice to allow for jurisdictional discovery.

On February 17, 2011, defendant filed its objections to the magistrate judge's M&R. Defendant argues that no jurisdictional discovery was necessary to reach the alternative, non-jurisdictional arguments in its motion to dismiss.[1] Plaintiff responded on March 7, 2011.

## DISCUSSION

A. Standard of Review

Defendant asks the court to dismiss this action for *forum non conveniens.* Under that doctrine, "a court may dismiss an action in favor of an alternative forum when 'the chosen forum would establish . . . oppressiveness and vexation to a defendant . . . out of all proportion to plaintiff's convenience, or when the chosen forum [is] inappropriate because of considerations affecting the court's own administration and legal problems." Compania Naviera Joanna SA v. Koninklijke

[1] The district court reviews *de novo* those portions of a magistrate judge's M&R to which specific objections are filed and, upon careful review of the record, "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c). Defendant also objects to aspects of the magistrate judge's order compelling jurisdictional discovery, which is reviewed under a more deferential "clear error" standard. See id. § 636(b)(1)(A). The court does not find clear error as to the magistrate judge's order compelling jurisdictional discovery, although that order is mooted by the court's dismissal of this case for *forum non conveniens.*

Boskalis Westminster NV, 569 F.3d 189, 200 (4th Cir. 2009) (quoting Am. Dredging Co. v. Miller, 510 U.S. 443, 447-48 (1994)) (alterations in original). Defendant points to the parallel U.K. litigation, which was initiated by plaintiff before commencement of this action and has already proceeded to interim judgment, as demonstrating that the Chancery Division is a more convenient forum for plaintiff's claims. [2]

The magistrate judge declined to address defendant's *forum non conveniens* argument, concluding that personal jurisdiction was a threshold issue to be determined at the outset of the litigation. However, the Supreme Court recently held that "[a] district court . . . may dispose of an action by a *forum non conveniens* dismissal, bypassing questions of subject-matter and personal jurisdiction, when considerations of convenience, fairness, and judicial economy so warrant." Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp., 549 U.S. 422, 432 (2007). "In the mine run of cases," the court will reach jurisdictional questions first; "[b]ut where subject-matter or personal jurisdiction is difficult to determine, and *forum non conveniens* considerations weigh heavily in favor of dismissal," the court may first address a motion for *forum non conveniens*. Id. at 436.[3] There can be no doubt that personal jurisdiction is difficult to determine in this case.

---

[2] Defendant has not asked the court to abstain in light of the parallel foreign litigation. See, e.g., Al-Abood ex rel. Al-Abood v. El-Shamari, 217 F.3d 225 (4th Cir. 2000); see also Answers in Gensis of Ky., Inc. v. Creation Ministries Int'l, Ltd., 556 F.3d 459 (6th Cir. 2009); Belize Telecom, Ltd. v. Government of Belize, 528 F.3d 1298 (11th Cir. 2008); AAR Int'l, Inc. v. Nimelias Enters. SA, 250 F.3d 510 (7th Cir. 2001). The court declines to consider the issue of abstention, as such analysis is unnecessary in light of the court's conclusion that this matter should be dismissed for *forum non conveniens*. See, e.g., U.S.O. Corp. v. Mizuho Holding Co., 547 F.3d 749, 750-51 (7th Cir. 2008) (declining to address abstention where it was not argued and where *forum non conveniens* dismissal was appropriate).

[3] The magistrate judge was correct that the court cannot reach the merits of defendant's motion to dismiss for failure to state a claim under Rule 12(b)(6) before determining that jurisdiction is proper. See United States v. $95,945.18 in U.S. Currency, 913 F.2d 1106, 1107 (4th Cir. 1990) ("To borrow from Judge Friendly, '[n]ot only does logic compel initial consideration of the issue of jurisdiction over the defendant – a court without such jurisdiction lacks power to dismiss a complaint for failure to state a claim – but the functional difference that flows from the ground selected for dismissal likewise compels considering the jurisdiction . . . questions first.'" (quoting Arrowsmith v. United Press Int'l, 320 F.2d 219, 221 (2d Cir.1963) (alterations in original)).

"Dismissal for *forum non conveniens* reflects a court's assessment of a 'range of considerations, most notably the convenience to the parties and the practical difficulties that can attend the adjudication of a dispute in a certain locality.'" Id. at 429 (quoting Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 723 (1996)). Among the considerations that enter into a *forum non conveniens* analysis are:

> (1) the ease of access to sources of proof; (2) the availability of compulsory process for securing the attendance of unwilling witnesses; (3) the costs of obtaining the attendance of witnesses; (4) the ability to view premises; (5) the general facility and cost of trying the case in the selected forum; and (6) the public interest, including administrative difficulties, the local interest of having localized controversies decided at home, and the interest of trying cases where the substantive law applies.

Compania Naviera Joanna, 569 F.3d at 200 (citing Am. Dredging, 510 U.S. at 448).

Before the court will even turn to these factors, however, "the defendant has the burden of proof to show the existence of an alternate, adequate, and available forum." Galustian v. Peter, 591 F.3d 724, 731 (4th Cir. 2010). A forum is "adequate" only if "(1) all parties can come within that forum's jurisdiction, and (2) the parties will not be deprived of all remedies or treated unfairly, even though they may not enjoy all the same benefits as they might receive in an American court." Id. (internal quotation marks omitted). A forum is "available" if the defendant is amenable to process, unless the alternate forum does not permit a cause of action for the alleged injury or the remedy offered for such injury is clearly unsatisfactory. Id.

B. Analysis

At the outset, the court notes that the parties do not genuinely dispute that the U.K. is an adequate and available forum. Indeed, defendant's burden to demonstrate an appropriate alternative forum is easily met where plaintiff selected the U.K. forum initially and pleaded nearly identical

causes of action there. There is no dispute that the parties have already submitted themselves to the alternative forum's jurisdiction, that the parties have not been deprived of all remedies or treated unfairly, that defendant is amenable to process in the U.K., and that the U.K. affords an adequate cause of action and a sufficient remedy for plaintiff's alleged injury.

Accepting that the U.K. is an available and adequate alternate forum for this action, the parties focus their arguments primarily on the six considerations most recently discussed by the Fourth Circuit in Compania Naviera Joanna. Defendant, arguing for dismissal, draws the court's attention to the abundance of U.K. witnesses and the unnecessary costs of duplicating litigation efforts. Plaintiff, arguing against dismissal, suggests that its choice of its home forum and the lack of any requirement to apply foreign law strongly counsel against dismissing this case for *forum non conveniens* reasons.

The court begins by addressing plaintiff's argument that the court should be particularly wary of dismissing an action filed in plaintiff's home forum. It is true that "[w]hen a plaintiff chooses its home forum, there is generally a presumption that the forum is convenient, and dismissal based on forum non conveniens is thus rarely appropriate." The In Porters, S.A. v. Hanes Printables, Inc., 663 F. Supp. 494, 505 (M.D.N.C. 1987). Nevertheless, "[a] citizen's forum choice should not be given dispositive weight, . . . [and] dismissal should not be automatically barred when a plaintiff has filed suit in his home forum." Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255 n.23 (1981). As in any other case, it is "the balance of conveniences" that dictates whether dismissal is proper; the choice of a home forum is simply one consideration in that analysis. Id. Here, the court is inclined to give plaintiff's forum choice limited weight where plaintiff initially selected the U.K., a foreign forum, more than three months prior to filing this action in its home forum.

The court turns now to the other considerations governing the *forum non conveniens* analysis. Defendant is a small U.K. company that is alleged to have copied plaintiff's works, and the proof required in this case would likely be found with defendant and other entities in the U.K. The existence of all or most evidence outside of this district and the costs of moving myriad U.K. witnesses to North Carolina weigh in favor of dismissal. Plaintiff, on the other hand, has employees in the U.K. who could (and in fact did) testify on its behalf. Mitigating against dismissal are the facts that there appears to be no requirement to apply foreign law in this case and that there is some nexus between this court and the controversy.

In other circumstances, the weighing of these factors might not dictate dismissal. Although the difficulty of access to sources of proof, difficulty and high cost of securing the attendance of witnesses, and the general difficulty and cost of trying the case in this forum would suggest dismissal, the public interest in having a controversy with a nexus to this forum decided in North Carolina would cut heavily in the other direction. But this is not the average case, because here the court is faced with a situation where proceedings in the alternate forum have already proceeded to trial and interim judgment.[4] As such, the court is inclined to assign more weight to defendant's interest in minimizing unnecessary costs and the court's interest in judicial economy.

Plaintiff filed its U.K. action first, defendant has already participated in a trial on the merits of the underlying dispute, and the foreign tribunal has already reached a conclusion that largely

---

[4] The court recognizes that "parallel proceedings on the same in personam claim should ordinarily be allowed to proceed simultaneously, at least until a judgment is reached in one which can be pled as res judicata in the other." Laker Airways Ltd. v. Sabena, Belgian World Airlines, 731 F.2d 909, 926-27 (D.C. Cir. 1984). But at the same time, "[t]here is no reason for identical suits to be proceeding in different courts in different countries thousands of miles apart." U.S.O. Corp., 547 F.3d at 750. In any event, a "judgment" of sorts has been reached in the alternate forum, whether or not it would be afforded res judicata effect. As already noted, the Chancery Division's judgment, entered after trial, is "interim" only in the sense that the court referred certain legal questions for ultimate disposition to the European Court of Justice.

vindicates defendant. A second, identical lawsuit in this court would permit and encourage "forum shopping on an international scale." See Brinco Mining Ltd. v. Fed. Ins. Co., 552 F. Supp. 1233, 1242 (D.D.C. 1982). Morever, this court has already shown itself unable to proceed with plaintiff's claims with the same speed and efficiency as the foreign court, particularly in light of serious doubts as to personal jurisdiction over defendant and the heavy caseload in this district. For these reasons, the court concludes that relitigating plaintff's action in North Carolina would be disproportionally "oppressive[] and vexatio[us]" to defendant and would be unwarranted in light of "considerations affecting the court's own administration." See Compania Naviera Joanna, 569 F.3d at 200.

## CONCLUSION

For the reasons given above, motion to dismiss for *forum non conveniens* (DE # 11) is ALLOWED. All other pending motions are DENIED AS MOOT. The Clerk of Court is directed to close this case.

SO ORDERED, this the 17th day of March, 2011.

LOUISE W. FLANAGAN
Chief United States District Court Judge