IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CV-25-FL

| | |
|---|---|
| SAS INSTITUTE INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| WORLD PROGRAMMING LIMITED, ) | |
| ) | |
| ) | |
| Defendant. ) | |

This matter comes before the court on plaintiff's motion, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, to alter or amend judgment (DE # 53). Defendant timely responded in opposition, and plaintiff replied. In this posture, the issues raised are ripe for adjudication. For the reasons that follow, plaintiff's motion is denied.

## BACKGROUND

On October 19, 2009, plaintiff, a North Carolina producer of computer software, filed suit against defendant, a competing software company incorporated under the laws of England and Wales, before the Chancery Division of the High Court of Justice ("Chancery Division") in the United Kingdom ("U.K."). Plaintiff alleged copyright infringement and breach of a licensing agreement based on allegations involving defendant's development software that reproduces central aspects of the popular program created by plaintiff.

On January 19, 2010, plaintiff filed a nearly identical lawsuit before this court. The complaint in this case is premised on the same facts as the earlier-filed U.K. litigation, and includes

similar claims for copyright infringement and breach of the same licensing agreement. The complaint here also contains state law claims for tortious interference with contract, tortious interference with prospective business advantage, and unfair and deceptive trade practices.

While a motion to dismiss was pending before this court, the U.K. action went to trial. On July 23, 2010, the Chancery Division issued an interim judgment, which appears on this court's docket as Exhibit A to plaintiff's motion for preliminary injunction at docket entry 33. The Chancery Division set forth detailed factual findings and addressed the merits of plaintiff's copyright and breach of licensing agreement claims, applying European Union ("E.U.") and U.K. law. The Chancery Division concluded, among other things, that defendant had infringed the copyrights in plaintiff's manuals by substantially reproducing them and had used plaintiff's software in a manner outside the scope of the relevant licensing agreement. The Chancery Division concluded that copyright law did not protect programming languages, interfaces, and functionality from being copied in the circumstances presented, but concluded that these important questions of E.U. copyright law must be referred to the European Court of Justice.

On March 18, 2011, this court entered an order dismissing the action pending before it on grounds of *forum non conveniens*. The court concluded that the U.K. was an adequate and available forum for plaintiff's claims, that the relevant evidence existed primarily in that country, that the cost of securing the attendance of U.K. witnesses for trial in North Carolina would be high, that it would be burdensome and inefficient to try the case a second time here, and that the court's own heavy docket and interests in judicial economy counseled against presiding over a lawsuit nearly identical to one which had already reached trial and interim judgment elsewhere. Although the court recognized that plaintiff's choice of its home forum was entitled to some deference, it

2

determined that the balance of conveniences counseled in favor of dismissal where plaintiff commenced its lawsuit in the alternate forum some three months before filing complaint here.

Plaintiff timely filed the instant Rule 59(e) motion on April 14, 2011. Plaintiff argues that U.K. is not an "available" forum because its courts will not entertain claims for violations of U.S. copyrights. It further contends that the forum selection clause in the terms of use for plaintiff's website, from which defendant's employees allegedly copied the manuals, is sufficient to defeat a motion for *forum non conveniens*. Finally, plaintiff disputes the court's weighing of the relevant factors, particularly the limited deference the court gave to plaintiff's selection of its home forum.

Defendant responded in opposition on May 19, 2011. It argues that plaintiff failed to provide new evidence or to identify a clear error of law. It also maintains that the court correctly held in the previous order that the U.K. was an available forum, because it has a robust copyright regime and is able to provide relief for all of the asserted causes of action. Defendant further contends that the court, in the order challenged by plaintiff, correctly balanced the relevant factors at issue in the *forum non conveniens* analysis.

## DISCUSSION

A.  Standard of Review

Rule 59(e) "permits a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (internal quotation marks omitted). But "[r]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." Id. Accordingly, a court may grant a Rule 59(e) motion in only three circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not

3

available at trial; or (3) to correct a clear error of law or to prevent manifest injustice. Bogart v. Chapell, 396 F.3d 548, 555 (4th Cir. 2005). "Mere disagreement [with the court's analysis] does not support a Rule 59(e) motion." Hutchinson v. Staton, 994 F.2d 1076, 1082 (4th Cir. 1993).

B.   Analysis

The court first briefly addresses plaintiff's argument that the affidavit of its U.K. attorney regarding the availability of a U.K. forum is "new evidence" warranting Rule 59(e) relief. Evidence is "new" for purposes of Rule 59(e) only if there was a legitimate justification for not presenting it during the earlier proceeding. Small v. Hunt, 98 F.3d 789, 798 (4th Cir. 1996); see also Publishers Res., Inc. v. Walker-Davis Publ'ns, Inc., 762 F.2d 557, 561 (7th Cir. 1985) ("[A Rule 59(e) motion] cannot . . . be employed as a vehicle to introduce new evidence that could have been adduced during the pendency of the summary judgment motion."). Here, the affidavit presented by plaintiff in support of the instant motion contains information that was available during the briefing of defendant's earlier motion to dismiss, and is not by itself grounds for relief under Rule 59(e).[1]

The court turns next to plaintiff's arguments that the dismissal order was based upon clear error. As noted, plaintiff raises three such arguments. First, it contends that the U.K. is not an "available" forum for its copyright claims because U.K. courts will not hear claims brought under U.S. copyright law. Second, it argues that a forum selection clause precludes a *forum non conveniens* dismissal. Finally, it argues that the court improperly weighed the factors relevant to a *forum non conveniens* analysis, particularly the preference that is to be given to a plaintiff's selection of its home forum. These three arguments are addressed in turn below.

---

[1] Although not "new evidence" under Rule 59(e), the court will consider the affidavit submitted by plaintiff, as well as that submitted by defendant, in its analysis of whether dismissal in this case was clear error.

1. Adequacy and Availability of the U.K. Forum

As the court noted in its earlier order, "the defendant has the burden of proof to show the existence of an alternate, adequate, and available forum." Galustian v. Peter, 591 F.3d 724, 731 (4th Cir. 2010). As the Fourth Circuit noted in Galustian,

> the availability requirement will be satisfied when the defendant is amenable to process in the foreign jurisdiction. However, in certain cases the alternate forum is unavailable where the remedy offered by the other forum is clearly unsatisfactory or when the other forum does not provide for a cause of action for the plaintiff's alleged injury. As to the second factor, a forum is considered adequate when (1) all parties can come within that forum's jurisdiction, and (2) the parties will not be deprived of all remedies or treated unfairly, even though they may not enjoy all the same benefits as they might receive in an American court.

Id. (internal quotation marks, citations, and alterations omitted).

Plaintiff argues that the court erred in finding the U.K. forum to be adequate and available because, it contends, the U.K. court will not hear its claim brought under U.S. copyright law. Plaintiff cites LucasFilm Ltd. v. Ainsworth, [2009] EWCA (Civ) 1328, a decision from the Court of Appeal of the High Court of Justice in the U.K. In LucasFilm, the Court of Appeal held that U.K. courts have no jurisdiction over U.S. copyright claims because there was no "international jurisdiction over copyright claims." Id. at ¶ 183. Nevertheless, the Court of Appeal in LucasFilm did apply U.K. copyright law to the facts before it, and found no violation because the products at issue were "toys" rather than artistic "sculptures." See id. ¶¶ 82, 86-87, 98.

The U.K. Court of Appeal's decision in LucasFilm does not make the U.K. an inadequate or unavailable forum. All that is required for *forum non conveniens* purposes is that the alternative forum "provide for a cause of action for the plaintiff's alleged injury," so long as "the parties will not be deprived of all remedies or treated unfairly." Galustian, 591 F.3d at 731. "[A] difference in the law in the two forums . . . is not sufficient to bar application of the *forum non conveniens*

5

doctrine." Compania Naviera Joanna SA v. Koninklijke Boskalis Westminster NV, 569 F.3d 189, 202 (4th Cir. 2009). The intellectual property injury complained of in plaintiff's complaint before this court is defendant's alleged copying of plaintiff's software manuals, source code, and/or the program's structure, sequence, and organization. Precisely the same injury was alleged before the Chancery Court, and upon the same facts. Although the U.K. court might not have applied U.S. law, it provides redress for the same injury under its own law, as evidenced by the Chancery Court's extensive statement of the law, including its citation of the protections given by treaties such as the Berne Convention and the Agreement on Trade-Related Aspects of Intellectual Property Rights ("TRIPS"), to which both the U.K. and the United States are signatories.

      2.      Forum Selection Clause

Plaintiff next argues that defendant agreed to a forum selection clause on its website, providing that jurisdiction and venue would be appropriate in a federal court in this district. Specifically, the forum selection clause states:

> Access to, and use of, the information contained in this Web site are subject to the terms and conditions listed below. . . . Your use of this Web site, including the services provided on this Web site, signifies your agreement to follow and be bound by these terms and conditions.
>
> \* \* \* \*
>
> All matters relating to your access to, or use of, this Web site shall be governed by U.S. federal law or the laws of the State of North Carolina. Any legal action or proceeding relating to your access to, or use of, this Web site shall be instituted in a state or federal court in Raleigh or Wake County, North Carolina. You and SAS agree to submit to the jurisdiction of, and agree that venue is proper in, these courts in any such legal action or proceeding.

Helwig Aff. [DE 24-11] Ex. B.

Plaintiff cites a decision from the Western District of North Carolina, which notes that the majority of courts to have considered the issue have concluded that "a mandatory and valid forum-selection clause precludes the defense of *forum non conveniens*." See Celanese Acetate, LLC v. Lexcor, Ltd., 632 F. Supp. 2d 544, 552-53 (W.D.N.C. 2009) (citing decisions from the Second, Fifth, and Seventh Circuits as well as decisions of a number of district courts). According to Celanese Acetate, a defendant must in effect demonstrate that the forum selection clause was invalid under M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1 (1972), to obtain a *forum non conveniens* dismissal. Id. The court also noted a minority position, however, pursuant to which courts continue to apply the regular *forum non conveniens* analysis even where there is a forum selection clause. Id. at 553 (citing a First Circuit decision and a decision from a district court within the Ninth Circuit). The Celanese Acetate court noted no Fourth Circuit case on point. Id.

The forum selection clause issue was previously briefed with respect to personal jurisdiction, but was not mentioned by either party in the context of defendant's request for dismissal on grounds of *forum non conveniens*. And as noted above, there is no Fourth Circuit decision or other binding authority regarding whether a *forum non conveniens* defense may be raised in the face of a valid, mandatory forum selection clause. Because "Rule 59(e) motions may not be used . . . to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance," see Pac. Ins. Co., 148 F.3d at 403, defendant's Rule 59(e) motion is not the appropriate vehicle for the court to consider in the first instance the issues raised in Celanese Acetate.[2]

---

[2] The court also notes a continuing dispute between the parties over whether defendant agreed to the forum selection clause and the scope of the clause as it relates to this action. The court need not delve into that inquiry to resolve plaintiff's Rule 59(e) motion.

Case 5:10-cv-00025-FL   Document 63   Filed 06/22/11   Page 7 of 9

### 3. *Forum Non Conveniens* Factors

Finally, plaintiff argues that an analysis of the *forum non conveniens* factors does not permit dismissal. As the court noted in its earlier order, a "range of considerations" must be taken into account, "most notably the convenience to the parties and the practical difficulties that can attend the adjudication of a dispute in a certain locality." Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp., 549 U.S. 422, 429 (2007) (internal quotation marks omitted). The court must consider:

> (1) the ease of access to sources of proof; (2) the availability of compulsory process for securing the attendance of unwilling witnesses; (3) the costs of obtaining the attendance of witnesses; (4) the ability to view premises; (5) the general facility and cost of trying the case in the selected forum; and (6) the public interest, including administrative difficulties, the local interest of having localized controversies decided at home, and the interest of trying cases where the substantive law applies.

Compania Naviera Joanna, 569 F.3d at 200.

Defendant has the burden of persuasion on all elements of the analysis, including these factors. See Galustian, 591 F.3d at 731. Plaintiff argues that the court did not hold defendant to its burden, and that the court's analysis of the factors was faulty. It argues that the record is lacking with respect to evidence that supports these factors in that defendant failed to identify any witness testimony that cannot be obtained in the United States, and it downplays the burdens of transporting witnesses located overseas due to the "ease" of international travel. Plaintiff also notes that protection of a North Carolina company's intellectual property vindicates a local interest.

As previously noted, where the court correctly sets forth the legal principles at issue, disagreement with the court's analysis is not generally the subject of a motion under Rule 59(e). See Hutchinson, 994 F.2d at 1082. The court recognized the relevant factors set forth by the Supreme Court and the Fourth Circuit, had before it sufficient evidence to establish the preferability of the alternate U.K. forum based upon those factors, and concluded that the Chancery Division in the U.K.

8

was able to provide the parties with a resolution that was timely and inexpensive in circumstances where this court could not. The court gave dispositive weight to no one factor, including plaintiff's selection of its home forum. In these circumstances, the court declines to engage a second time, under Rule 59(e), in the *forum non conveniens* balancing.

## CONCLUSION

In their briefing, the parties have raised for the court's consideration a variety of interesting and complex questions of law. But after considering the able arguments of counsel for both sides, the court is unable to conclude that it clearly erred in dismissing this action on for *forum non conveniens*. As such, and for the reasons set forth more particularly above, plaintiff's motion to alter or amend judgment pursuant to Rule 59(e) (DE # 53) is DENIED.

SO ORDERED, this the 22nd day of June, 2011.

LOUISE W. FLANAGAN
Chief United States District Court Judge