IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:10-CV-25-FL

| | | |
|---|---|---|
| SAS INSTITUTE INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| WORLD PROGRAMMING LIMITED, | ) | |
| | ) | |
| Defendant. | ) | |

This case comes before the court on two motions by plaintiff SAS Institute Inc. ("SAS" or "plaintiff"): one (D.E. 107) to amend the Amended Case Management Order (D.E. 89) and the other (D.E. 111) to bifurcate the proceedings. Both motions have been fully briefed.[1] They have been referred to the undersigned for disposition pursuant to 28 U.S.C. § 636(b)(1)(A). (*See* Minute Entries after D.E. 125, 126). For the reasons set forth below, the motion to amend the Amended Case Management Order will be allowed, but the motion to bifurcate the proceedings will be denied.

## BACKGROUND

Plaintiff is a North Carolina corporation that produces business intelligence software and other software products. (Compl. (D.E. 1) ¶ 2). Defendant World Programming Limited ("defendant") also develops software. (*Id*. ¶¶ 3, 19).

---

[1] In support of its motion to amend the Amended Case Management Order, plaintiff filed a memorandum (D.E. 108) and declaration (D.E. 109) with exhibits (D.E. 109-1 through 109-2). Defendant filed a memorandum (D.E. 113) in opposition. Plaintiff filed a reply (D.E. 118) with exhibits (D.E. 118-1 through 118-2).
  In support of its motion to bifurcate the proceedings, plaintiff filed a memorandum (D.E. 112) and exhibits (D.E. 111-1 through 111-5). Defendant filed a memorandum (D.E. 120) and declaration (D.E. 121) with an exhibit (D.E. 121-1) in opposition. Plaintiff filed a reply (D.E. 126).

Plaintiff has developed SAS System software that enables users to access, manage, analyze, and present data. (*Id.* ¶ 12). The SAS System has copyright protection. (*Id.* ¶¶ 35, 36). Customers of the SAS System are required to enter into a license agreement, the SAS Master License Agreement ("SAS MLA"), which, among other things, prohibits the customer from using the SAS System for purposes other than the customer's own business. (*Id.* ¶ 11).

Plaintiff publishes a wide range of reference materials that describe the features of the SAS System and provide instructions and assistance to its users ("SAS Manuals"). (*Id.* ¶¶ 9, 10). The SAS Manuals have copyright protection. (*Id.* ¶¶ 37, 38). A list of copyright certifications for various SAS Manuals is attached to the complaint as Exhibit A (D.E. 1-2).

In addition, plaintiff has developed software, known as SAS Learning Edition software, that teaches individuals how to use the SAS System. (*Id.* ¶ 12). It includes a selection of SAS Manuals. (*Id.* ¶ 14). Before an individual is entitled to use SAS Learning Edition software, he is required to accept the terms of a license agreement that confers a nontransferable right to use it solely for the purpose of learning how to use the SAS System. (*Id.* ¶¶ 15, 16, 18). The SAS Learning Edition has copyright protection. (*Id.* ¶ 36).

Defendant has developed software, named the World Programming System ("WPS"), that is designed to reproduce central aspects of the SAS System and thereby to replace the SAS System for certain customers of plaintiff. (*Id.* ¶¶ 19, 20). Defendant has also developed a manual for WPS. (*Id.* ¶ 31). According to plaintiff, defendant's marketing of WPS is primarily, if not entirely, directed at current SAS licensees and seeks to persuade them to license WPS instead of the SAS system. (*Id.* ¶ 34).

Plaintiff alleges that to create WPS, defendant used one or more copies of the SAS System, although in 2008 plaintiff had refused to give defendant a license to use it. (*Id.* ¶¶ 23,

2

24, 30). In addition, to be able to create WPS, plaintiff contends that defendant must have studied SAS Manuals to understand various aspects of the SAS System. (*Id.* ¶ 29). Defendant also copied substantial parts of the SAS Manuals in creating the manual for WPS. (*Id.* ¶¶ 31 41).

Upon plaintiff's information and belief, defendant also acquired a copy of the SAS Learning Edition software and agreed to the terms of the associated license. (*Id.* ¶ 25). Instead of or in addition to doing so, defendant, again upon plaintiff's information and belief, convinced a party that had entered into the SAS MLA to violate prohibitions in it by allowing defendant access to the SAS System, which defendant used to develop and test WPS software. (*Id.* ¶ 53).

On 19 January 2010, plaintiff filed this action. It asserts claims for: copyright infringement with respect to the SAS System and SAS Learning Edition (*id.* ¶¶ 43-45) (count I); copyright infringement with respect to the SAS Manuals (*id.* ¶¶ 46, 47) (count II); breach of contract, namely, the license agreement between plaintiff and defendant for the SAS Learning Edition (*id.* ¶¶ 48-51) (count III); tortious interference with contract, that is, plaintiff's SAS MLA for the SAS System with another party (*id.* ¶¶ 52-56) (count IIIA); tortious interference with prospective economic advantage by inducing nonrenewal by SAS customers of their licenses with plaintiff (*id.* ¶¶ 57-61) (count IV); and unfair and deceptive trade practices and unfair competition under the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. §§ 75-1.1, *et seq.* (*id.* ¶¶ 62-64) (count V). Plaintiff seeks compensatory damages, punitive damages, statutory treble damages, injunctive relief, expenses, attorney's fees, and any other just and proper relief. (*Id.*, Request for Relief 14-15).

3

The Amended Case Management Order provides that fact discovery will close on 20 May 2013. (*See* Am. Case Man. Order § I.C; 11 Nov. 2012 Order on Motion to Dismiss (D.E. 100)). It further allows discovery from a related action in the United Kingdom ("U.K. discovery") to be used in this action as if it were produced in this case. (*Id.* § I.B). It also allows each party to take a total of four depositions. (*Id.* § I.G).

## DISCUSSION

**I.  Motion to Amend the Amended Case Management Order (D.E. 107)**

In its motion to amend the Amended Case Management Order, plaintiff requests that it be permitted to take an additional deposition of a nonparty witness. Plaintiff contends that it needs to take the deposition due to delay in obtaining all of the U.K. discovery. Defendant argues that the motion is premature because plaintiff has not yet taken the maximum of four depositions permitted, but does not oppose allowing each party an additional deposition.

There being no objection from defendant, the court ALLOWS plaintiff's motion to amend the Amended Case Management Order. Section I.G of the Amended Case Management Order is hereby AMENDED to allow each party to take a total of five depositions. All other provisions in the existing Amended Case Management Order remain in effect.

**II.  Motion to Bifurcate Proceedings (D.E. 111)**

Rule 42 of the Federal Rules of Civil Procedure permits the court to order a separate trial "of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims" for "convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). "Although 'complex' issues may justify bifurcation, separating issues for trial 'is not to be routinely ordered.'" *Wood v. Walton*, No. WDQ–09–3398, 2012 WL 6137622, at *3 (D. Md. 7 Dec. 2012) (quoting Fed. R. Civ. P. 42(b) advisory committee's note). The party seeking

4

bifurcation bears the burden of establishing that it is warranted. *Glass v. Anne Arundel Cty,* No. WDQ–12–1901, 2013 WL 1120549, at *12 (D. Md. 2013); *Scarbro v. New Hanover Cty*, No. 7:03–CV–244–FL, 2011 WL 2550969, at *1 (E.D.N.C. 27 Jun 2011) ("Because 'the bifurcation of issues and the separate trial of them is not the usual course of events[,] . . . [and] a single trial will [generally] be more expedient and efficient,' the burden is on the moving party to show circumstances meriting exercise of the court's discretion." (quoting *F & G Scrolling Mouse, LLC v. IBM Corp.*, 190 F.R.D. 385, 387 (D. Md. 1999)).

In its bifurcation motion, plaintiff seeks to bifurcate what it terms its expensive, "expert-intensive claims"—namely, those for infringement of the copyrights in the SAS System and SAS Manuals—from the remaining, purportedly more fact-intensive claims and to defer further litigation of these expert-intensive claims until after litigation through final disposition of the fact-intensive claims. Plaintiff argues that disposition of the fact-intensive claims would likely obviate further litigation of the expert-intensive claims. Bifurcation would thereby purportedly be less expensive and more efficient than proceeding simultaneously with litigation of all the claims.

The court agrees with defendant that plaintiff has not established that the bifurcation it seeks is warranted. While the infringement claims may well be more complex and more expensive for the parties to litigate, it was plaintiff who brought them and continues to pursue them. It cannot justly be heard to complain that it is prejudiced by having to expend the funds and other resources necessary to prosecute them in a reasonably expeditious manner. *See* Fed. R. Civ. P. 1. Further, even assuming that resolution of the fact-intensive claims could obviate further litigation of the expert-intensive claims, plaintiff has not shown that this possibility is so great as to offset the risks of tremendous inefficiency its proposal presents. These potential

5

inefficiencies include a substantial increase, if not doubling, of the period of time needed to conclude all litigation in this case and the need for a second trial to decide the expert-intensive claims, including the specter of a result in that trial inconsistent with the disposition of the fact-intensive claims. Plaintiff's motion to bifurcate is accordingly DENIED. *See Scarbro,* 2011 WL 2550969, at *3-4 (denying motion to bifurcate where party "has not shown that bifurcation is warranted due to concerns relating to convenience, prejudice, or economizing judicial and litigant resources").

## CONCLUSION

In sum, for the foregoing reasons, IT IS ORDERED that plaintiff's motion (D.E. 107) to amend the Amended Case Management Order is ALLOWED on the terms set out above and its motion (D.E. 111) to bifurcate the proceedings is DENIED.

This, the 25th day of April 2013.

_____
James E. Gates
United States Magistrate Judge