IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:10-CV-25-FL

| | | |
|---|---|---|
| SAS INSTITUTE INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| WORLD PROGRAMMING LIMITED, | ) | |
| | ) | |
| Defendant. | ) | |

This case comes before the court on a motion (D.E. 124) by defendant World Programming Limited ("defendant" or "WPL") to compel discovery from plaintiff SAS Institute Inc. ("SAS" or "plaintiff"), specifically, information and documents sought in WPL's First Interrogatories and First Request for Production of Documents. The motion has been fully briefed and referred to the undersigned for disposition pursuant to 28 U.S.C. § 636(b)(1)(A). (*See* Minute Entry after D.E. 128). For the reasons set forth below, the motion will be allowed in part, denied as moot in part, and denied in part.

## BACKGROUND

### I. PLAINTIFF'S CLAIMS

Plaintiff alleges in its first amended complaint as follows:

Plaintiff is a North Carolina corporation that produces business intelligence software and other software products, having its principal place of business in Cary, North Carolina. (Am. Compl. (D.E. 143) ¶ 2). Defendant is incorporated under the laws of England and Wales and also develops software. (*Id*. ¶¶ 3, 19).

Plaintiff has developed SAS System software that enables users to access, manage, analyze, and present data. (*Id.* ¶ 12). The SAS System has copyright protection. (*Id.* ¶¶ 35, 36). Customers of the SAS System are required to enter into a license agreement, the SAS Master License Agreement ("SAS MLA"), which, among other things, prohibits the customer from using the SAS System for purposes other than the customer's own business. (*Id.* ¶ 11).

Plaintiff publishes a wide range of reference materials that describe the features of the SAS System and provide instructions and assistance to its users ("SAS Manuals"). (*Id.* ¶¶ 9, 10). The SAS Manuals have copyright protection. (*Id.* ¶¶ 37, 38).

In addition, plaintiff has developed software, known as SAS Learning Edition, that teaches individuals how to use the SAS System. (*Id.* ¶ 12). It includes a selection of SAS Manuals. (*Id.* ¶ 14). Before an individual is permitted to use SAS Learning Edition software, he is required to accept the terms of a license agreement that confers a nontransferable right to use it solely for the purpose of learning how to use the SAS System. (*Id.* ¶¶ 15, 16, 18). The SAS Learning Edition software has copyright protection. (*Id.* ¶ 36).

Defendant has developed software, named the World Programming System ("WPS"), that is designed to reproduce central aspects of the SAS System and thereby to replace the SAS System for certain customers of plaintiff. (*Id.* ¶¶ 19, 20). Defendant has also developed a manual for WPS. (*Id.* ¶ 31). Defendant's marketing of WPS is primarily, if not entirely, directed at current SAS licensees and attempts to persuade them to license WPS in place of the SAS System. (*Id.* ¶ 34).

To create WPS, defendant used one or more copies of the SAS System, although in 2008 plaintiff had refused to give defendant a license to use it. (*Id.* ¶¶ 23, 24, 30). In addition, to be able to create WPS, defendant must have studied SAS Manuals to understand various

2

aspects of the SAS System. (*Id.* ¶ 29). Defendant also copied substantial parts of the SAS Manuals in creating the manual for WPS. (*Id.* ¶¶ 31 41).

Upon plaintiff's information and belief, defendant also acquired a copy of the SAS Learning Edition software and agreed to the terms of the associated license. (*Id.* ¶ 25). Instead of or in addition to doing so, defendant, again upon plaintiff's information and belief, convinced a party that had entered into the SAS MLA to violate prohibitions in it by allowing defendant access to the SAS System, which defendant used to develop and test WPS software. (*Id.* ¶ 54).

Plaintiff filed its initial complaint (D.E. 1) on 19 January 2010. With leave of court (*see* D.E. 138), plaintiff filed its first amended complaint on 14 August 2013, which added a claim that defendant obtained access to the SAS Learning Edition software by fraud. (*See* 1st Am. Compl. ¶¶ 1, 50-52; Request for Relief ¶ D).

Plaintiff asserts the following claims in its first amended complaint: copyright infringement with respect to the SAS System and SAS Learning Edition software (*id.* ¶¶ 43-45) (count I); copyright infringement with respect to the SAS Manuals (*id.* ¶¶ 46, 47) (count II); breach of contract, namely, the license agreement between plaintiff and defendant for the SAS Learning Edition software, by fraud (*id.* ¶¶ 48-52) (count III); tortious interference with contract, that is, plaintiff's SAS MLA for the SAS System with another party (*id.* ¶¶ 53-57) (count IIIA); tortious interference with prospective economic advantage by inducing nonrenewal by SAS customers of their licenses with plaintiff (*id.* ¶¶ 58-62) (count IV); and unfair and deceptive trade practices and unfair competition under the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. §§ 75-1.1, *et seq.* (*id.* ¶¶ 63-65) (count V). Plaintiff seeks compensatory damages, punitive damages, statutory treble damages, injunctive

3

relief, expenses, attorney's fees, and any other just and proper relief. (*Id.*, Request for Relief 17-18). Defendant denies the material allegations in plaintiff's complaint. (*See generally* Ans. to Am. Compl. (D.E. 149)).

Prior to filing the instant lawsuit, plaintiff filed a lawsuit against defendant in the United Kingdom ("U.K. Litigation"), arising from some of the same disputes. In the course of discovery in the U.K. Litigation, the parties exchanged voluminous discovery.

## II. DISCOVERY AT ISSUE

On 13 December 2012, defendant served on plaintiff its first set of interrogatories and first set of requests for production. Plaintiff was permitted an extension of time and served responses on 11 February 2013, asserting an array of objections to the interrogatories and production requests. (Resp. to Interrs. (D.E. 124-5); Resp. to Prod. Reqs. (D.E. 124-4)). The parties engaged in a meet-and-confer process, but could not resolve their disputes. (*See generally* Mot. ¶¶ 2-4). Defendant subsequently filed the instant motion to compel plaintiff to produce the requested information and documents.

## DISCUSSION

## I. APPLICABLE LAW

The Federal Civil Rules enable parties to obtain information by serving requests for discovery on each other, including interrogatories and requests for production of documents. *See generally* Fed. R. Civ. P. 26-37. Rule 26 provides for a broad scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

4

Fed. R. Civ. P. 26(b)(1). The rules of discovery, including Rule 26, are to be given a broad and liberal construction. *Herbert v. Lando*, 441 U.S. 153, 177 (1979); *Nemecek v. Bd. of Governors*, No. 2:98-CV-62-BO, 2000 WL 33672978, at *4 (E.D.N.C. 27 Sep. 2000).

While Rule 26 does not define what is deemed relevant for purposes of the rule, relevance has been "'broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party.'" *EEOC v. Sheffield Fin. LLC*, No. 1:06CV889, 2007 WL 1726560, at *3 (M.D.N.C. 13 June 2007) (quoting *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 473 (N.D. Tex. 2005)). The district court has broad discretion in determining relevance for discovery purposes. *Watson v. Lowcountry Red Cross*, 974 F.2d 482, 489 (4th Cir. 1992). In addition, the court may limit the extent of discovery otherwise allowable where "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(iii); *Basile Baumann Prost Cole & Assocs., Inc. v. BBP & Assocs. LLC,* No. WDQ-11-2478, 2013 WL 1622001, at *3 (D. Md. 9 Apr. 2013) ("Further, '[a]ll discovery is subject to the [proportionality] limitations imposed by Rule 26(b)(2)(C).'") (quoting Fed. R. Civ. P. 26(b)(1)). Rule 37 allows for the filing of a motion to compel discovery responses. Fed. R. Civ. P. 37(a)(3)(B).

By the instant motion, defendant challenges plaintiff's objections to Interrogatories Nos. 7, 8, 9, 10, 11, 15, 16, and 19 and Requests for Production Nos. 4, 5, 10, 18, 19, 20, 21-26, 31, and 32 and moves for an order compelling plaintiff to respond more fully to these discovery requests. Each request will be addressed separately below.

5

## II. DISCOVERY REQUESTS AT ISSUE

### A. Interrogatory No. 7 (Denied as Moot)

Interrogatory No. 7 asks plaintiff to identify the portions of the SAS Manuals that it alleges defendant copied or infringed. Plaintiff objected to Interrogatory No. 7 on grounds that it provided this information in the course of the U.K. Litigation but will supplement as necessary. Since that time, plaintiff has supplemented its response to defendant's interrogatories with a 79-page document (D.E. 127-2) which compares the WPL Manual and the SAS Manuals, and identifies the operations, commands, and syntax plaintiff alleges defendant copied. Plaintiff also produced a table of descriptive comparisons between each party's manuals (D.E. 127-2). The court finds that the information in these documents adequately responds to the challenged interrogatory. Accordingly, the portion of defendant's motion seeking to compel plaintiff to respond more fully to Interrogatory No. 7 is DENIED as MOOT.

### B. Interrogatories Nos. 8-11 (Denied as Moot)

Interrogatories Nos. 8-11 seek the identification of the operations (Interr. No. 8), syntax (Interr. No. 9), command structures (Interr. No. 10), and all other portions of the SAS software (Interr. No. 11) plaintiff alleges defendant infringed. Subject to its general objections, plaintiff provided only general responses to these interrogatories, stating that defendant copied "all operations," "all syntax," and "all command structures." As noted above, since that time, plaintiff has supplemented its response to defendant's interrogatories with a 79-page document comparing the parties' manuals and a table identifying the operations, commands, and syntax plaintiff alleges defendant copied. The court finds that the production of this information adequately responds to the challenged interrogatories. Accordingly, the portion of defendant's

6

motion seeking to compel plaintiff to respond more fully to Interrogatories Nos. 8-11 is DENIED as MOOT.

### C.  Interrogatories Nos. 15 and 16 and Production Request No. 10 (Denied)

Interrogatories Nos. 15 and 16 seek the identification of all licensees that plaintiff alleges it lost as a result of defendant's actions (Interr. No. 15) as well as any licensees for which plaintiff has reduced licensed fees as a result of defendant's actions (Interr. No. 16). Production Request No. 10 seeks copies of the license agreements (Prod. Req. No. 10). Plaintiff objected to all three of these discovery requests on the grounds that it produced the responsive information it had, but sought further responsive information in its own discovery requests to defendant and would produce the additional information after it became available.

The court finds that plaintiff has adequately shown that its response to these discovery requests has to date been sufficient. Accordingly, the portion of defendant's motion seeking to compel plaintiff to respond more fully to Interrogatories Nos. 15 and 16 and Production Request No. 10 is DENIED. While plaintiff must be mindful of its supplementation obligation under Rule 26(e)(1)(A) with respect to all its discovery responses, the court notes the prominence of that obligation here where plaintiff itself anticipates receiving additional information responsive to these discovery requests.

### D.  Interrogatory No. 19 and Production Requests Nos. 31 and 32 (Denied)

Interrogatory No. 19 seeks the identification of all third parties that plaintiff has contacted, intends to contact, or has subpoenaed in connection with this lawsuit, the U.K. Litigation, or defendant's business generally. Production Request No. 31 seeks correspondence and subpoenas between plaintiff and any third parties relating to this lawsuit or the U.K. Litigation. Production Request No. 32 seeks all documents plaintiff received in response to

7

such correspondence and subpoenas. Plaintiff objected to these requests to the extent they seek information or documents protected by the attorney-client or work product doctrine. While defendant states in its memorandum that plaintiff will not agree to produce all its non-party subpoenas and the documents received in response to them, plaintiff represents in its memorandum that it has, in fact, produced these materials to defendant. In addition, plaintiff continues to stand by its statement that the investigation of the claims at issue has been conducted at the direction of counsel and is otherwise protected from disclosure, citing *Glaxo, Inc. v. Novopharm Ltd.*, 148 F.R.D. 535, 539 (E.D.N.C. 1993) (upholding work-product objection to production requests seeking documents prepared at the direction of attorneys and in anticipation of litigation). Without any information other than speculation to the contrary, the court is satisfied that plaintiff's objection on work-product grounds is valid and that it has otherwise responded fully to these discovery requests. Accordingly, the portion of defendant's motion seeking to compel plaintiff to respond more fully to Interrogatory No. 19 and Production Requests Nos. 31 and 32 is DENIED.

      **E.**      **Production Request No. 4 (Allowed)**

Production Request No. 4 seeks all source code for SAS software. Defendant argues that plaintiff has agreed to produce only source code for SAS System Release 8.2 and SAS Learning Edition 4.1, but has refused to produce the rest of its source code. Plaintiff clarifies that it is prepared to produce the requested source code according to the terms of the Protective Order entered in this case (D.E. 106).

The portion of defendant's motion relating to Production Request No. 4 is accordingly ALLOWED on the following terms: To the extent that plaintiff has not already produced all

8

Case 5:10-cv-00025-FL   Document 170   Filed 12/04/13   Page 8 of 13

source code sought by Production Request No. 4, it shall make such production no later than 18 December 2013.

### F. Production Request No. 5 (Allowed)

Production Request No. 5 seeks all user technical documents that describe the operation of SAS software. Plaintiff responded that it did not maintain such documents for external use beyond those already produced, but would make available, pursuant to the Protective Order, its internal technical support database. The court is satisfied with plaintiff's response.

The portion of defendant's motion relating to Production Request No. 5 is accordingly ALLOWED on the following terms: To the extent that it has not already done so, plaintiff shall make available to defendant its internal technical support database and shall produce all other documents within its possession, custody, or control sought by Production Request No. 5 no later than 18 December 2013.

### G. Production Request No. 18 (Allowed)

Production Request No. 18 seeks all documents concerning defendant's interactions with plaintiff's licensees. Plaintiff objected on the grounds that it seeks information within defendant's possession. While defendant may already have some of the documents requested, that fact does not preclude defendant from seeking the documents on this issue that plaintiff has. Plaintiff has made no showing that producing such documents would be unduly burdensome. The court concludes that plaintiff's objection is meritless.

The portion of defendant's motion relating to Production Request No. 18 is accordingly ALLOWED on the following terms: To the extent it has not already done so, plaintiff shall produce all documents in its possession, custody, or control sought by Production Request No. 18 no later than 18 December 2013.

### H. Production Request No. 19 (Allowed)

Production Request No. 19 seeks documents relating to plaintiff's economic damages. Plaintiff objected on grounds that the request was premature because it is still investigating the issue and that it will seasonably supplement its response after receiving responsive information. Plaintiff has not convincingly demonstrated that, after the voluminous discovery in the U.K. Litigation, it lacks documents responsive to this production request. Certainly the mere fact that it plans to undertake further investigation is not a valid objection to producing whatever responsive documents it already has.

The portion of defendant's motion relating to Production Request No. 19 is accordingly ALLOWED on the following terms: To the extent it has not already done so, plaintiff shall produce all documents in its possession, custody, or control sought by Production Request No. 19 no later than 18 December 2013.

### I. Production Request No. 20 (Denied as Moot)

Production Request No. 20 seeks all communications between plaintiff and any of defendant's customers, known potential customers, or business partners. Plaintiff objected on grounds that it had insufficient information as to the identity of defendant's customers, known potential customers, or business partners to respond. Defendant contends that it is seeking only communications with entities known by plaintiff to be customers, potential customers, or business partners of defendant. Plaintiff counters that it has since supplemented its response with such communications after conducting additional investigation. The court finds plaintiff's response to be satisfactory. Accordingly, the portion of defendant's motion seeking to compel plaintiff to respond more fully to Production Request No. 20 is DENIED as MOOT.

### J.  Production Requests Nos. 21-26 (Denied)

Production Requests Nos. 21-26 seek all documents supporting each of plaintiff's claims in its now-amended complaint: copyright infringement of SAS software (Prod. Req. No. 21), copyright infringement of SAS Manuals (Prod. Req. No. 22), breach of contract (Prod. Req. No. 23), tortious interference with contract (Prod. Req. No. 24), tortious interference with prospective economic advantage (Prod. Req. No. 25), and unfair and deceptive trade practices (Prod. Req. No. 26).  Plaintiff objected to each of these production requests on grounds that they are vague, unduly burdensome, and overbroad.  Plaintiff contends that the requests are improper surrogates for so-called "contention interrogatories."  Plaintiff also argues that the requests are duplicative of initial disclosures under Rule 26(a)(1)(A)(ii).  It points to the parties' agreement in the Joint Discovery Plan that "[b]ecause of the U.K. Discovery, the parties do not need to exchange initial disclosures pursuant to Rule 26(a)(1)."  (Jt. Disc. Plan (D.E. 75) ¶ 3). Notably, based on this agreement, the court stated in its Amended Case Management Order that the parties had, in essence, already made their initial disclosures: "The parties have already exchanged the information required by Federal Rule of Civil Procedure 26(a)(1)."  (Am. CMO (D.E. 89) § I.A).

The court disagrees that these requests are in any sense improper as purported surrogates of contention interrogatories.  It does agree, though, that the requests are tantamount to initial disclosures under Rule 26(a)(1)(A)(ii).  In light of the parties' agreement and the court's determination that the parties had previously exchanged the information called for under Rule 26(a)(1)(A)(ii), the court will not compel plaintiff to produce the requested documents anew. Accordingly, the portion of defendant's motion seeking to compel plaintiff to respond to Production Requests Nos. 21-26 is DENIED.

Plaintiff must, however, timely supplement the initial disclosures:

> Supplementations of disclosures under Federal Rule of Civil Procedure 26(e) shall be served at such times and under such circumstances as required by that rule. In addition, supplemental disclosures shall be served within 40 days of the close of discovery.

(Am. CMO § I.K).

## III. EXPENSES

The court finds that the circumstances would make an award of expenses unjust. *See* Fed. R. Civ. P. 37(a)(5)(A)(iii), (C). The court therefore declines to make such an award.

## CONCLUSION

In sum, IT IS ORDERED as follows:

1. Defendant's motion to compel (D.E. 124) is ALLOWED with respect to defendant's Production Requests Nos. 4, 5, 18, and 19. By 18 December 2013, plaintiff shall produce to defendant the documents and other materials sought in those production requests as specified above. The documents and other materials produced shall be accompanied by a supplemental response to the production requests involved identifying the documents and other materials being produced. The supplemental response shall be duly signed by counsel.

2. The motion is DENIED as MOOT with respect to defendant's Interrogatories Nos. 7-11 and Production Request No. 20.

3. The motion is DENIED with respect to defendant's Interrogatories Nos. 15, 16, and 19, and Production Requests Nos. 10, 21-26, 31, and 32.

4. Each party shall bear its own costs incurred on the motion.

SO ORDERED, this 4th day of December 2013.

_____
James E. Gates
United States Magistrate Judge

13