FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No.: 5:10-CV-25-FL

|  |  |  |
|---|---|---|
| SAS INSTITUTE, INC., | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER GRANTING DEFENDANT'S** |
| | ) | **MOTION TO SEAL** |
| WORLD PROGRAMMING LIMITED, | ) | |
| Defendant. | ) | |

THIS MATTER is before the Court on Defendant World Programming Limited's Motion to File Under Seal Exhibits A and B to the Declaration of Edward J. Naughton in support of Defendant's Motion to Exclude Portions of the Testimony of Dr. Christoper A. Vellturo. Because Exhibits A and B contain highly-sensitive and confidential business information, Defendant asks that the Court file these Exhibits under seal. For the reasons that follow, the Court GRANTS the Motion to Seal.

To determine whether to grant a request to seal a document, the court must consider whether "the public's right of access is outweighed by competing interests." Id. "The common law presumes a right to inspect and copy judicial records and documents" and denial of access is within the sound discretion of the court. Stone v. Univ. of Md. Medical Sys. Cop., 855 F.2d 178, 180 (4th Cir. 1988). Likewise, the First Amendment guarantees access, but only "to particular judicial records and documents," id. at 180, including those filed in support of dispositive motions in civil cases. Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988) (citing Publicker Indus., Inc. v. Cohen, 733 F.2d 1059, 1067-71 (3d Cir. 1984); In re Continental Illinois Sec. Litig., 732 F.2d 1308, 1308 (7th Cir. 1984)).

To determine whether a party's interest in sealing records outweighs First Amendment considerations, a court must engage in a three-part analysis: (1) the court must provide public notice of the request to seal and allow interested parties a reasonable opportunity to object; (2) the court must consider less drastic alternatives to sealing the documents; and (3) the court must articulate the specific reasons and factual findings supporting its decision to seal. <u>Ashcraft v. Conoco, Inc.</u>, 218 F.3d 288, 302 (4th Cir. 2000). As First Amendment standards afford greater substantive protection to the public's right to access, satisfying the First Amendment standards also necessarily satisfies the relevant common law standards.

The applicable standards justify sealing Exhibits A and B to Defendant's Motion to Exclude Portions of The Testimony of Dr. Christopher A. Vellturo. The public has received adequate notice of the request to seal because the Motion has been docketed in the public record, and no objection has been raised in the interim. <u>See</u> <u>In re Knight Pub. Co.</u>, 743 F.2d 231, 235 (4th Cir. 1984). Additionally, there is no less drastic alternative to filing these Exhibits under seal. Simply stated, the parties' interest in preserving the confidentiality of these documents outweighs any public interest in their disclosure. Filing these Exhibits in the public record would disclose confidential and commercially sensitive information about the identity of customers, marketing techniques, and revenue of WPL and SAS Institute, which is information not generally known to the public. Finally, the Court meets the third prong of the <u>Ashcraft</u> analysis by virtue of the findings delineated in this Order.

For these reasons, Defendant's Motion to File Under Seal Exhibits A and B to the Declaration of Edward J. Naughton in support of Defendant's Motion to Exclude Portions of the Testimony of Dr. Christoper A. Vellturo is hereby GRANTED. The Clerk is DIRECTED to maintain

2

Exhibits A and B UNDER SEAL.

It is so ORDERED.

_____
United States District Judge

Date: May 12, 2015