FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No.: 5:10-CV-25-FL

| | |
|---|---|
| SAS INSTITUTE, INC., )<br>Plaintiff, )<br>)<br>v. )<br>)<br>WORLD PROGRAMMING LIMITED, )<br>Defendant. ) | **ORDER GRANTING DEFENDANT'S MOTION TO SEAL** |

THIS MATTER is before the Court on Defendant World Programming Limited's Motion to File Under Seal Exhibit A to the Declaration of Edward J. Naughton in support of Defendant's Reply in Further Support of its Motion to Exclude Testimony of Dr. Christopher A. Vellturo. Because Exhibit A contains highly-sensitive and confidential business information, Defendant asks that the Court file this Exhibit under seal. For the reasons that follow, the Court GRANTS the Motion to Seal.

To determine whether to grant a request to seal a document, the court must consider whether "the public's right of access is outweighed by competing interests." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000). Although the common law presumes a right to inspect and copy judicial records and documents, denial of access is within the sound discretion of the court. Id. To determine whether a party's interest in sealing records outweighs the public's right to access, a court must engage in a three-part analysis: (1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object; (2) consider less drastic alternatives to sealing the documents; and (3) articulate the specific reasons and factual findings supporting its decision to seal. Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

1

The applicable standards justify sealing Exhibit A. The public has received adequate notice of the request to seal because the Motion has been docketed in the public record, and no objection has been raised in the interim. See In re Knight Pub. Co., 743 F.2d 231, 235 (4th Cir. 1984). Additionally, there is no less drastic alternative to filing this Exhibit under seal. Simply put, the parties' interest in preserving the confidentiality of this testimony outweighs any public interest in their disclosure. SAS Institute designated the Deposition Transcript excerpts contained in Exhibit A as "Highly Confidential - Attorneys' Eyes Only." Filing this Exhibit in the public record would disclose confidential and commercially sensitive information about the identity of customers, marketing techniques, and revenue of SAS Institute, all of which is information not generally known to the public. Finally, the Court meets the third prong of the Ashcraft analysis by virtue of the findings delineated in this Order.

For these reasons, Defendant's Motion to File under Seal Exhibit A to the Declaration of Edward J. Naughton in support of Defendant's Reply in Further Support of its Motion to Exclude Testimony of Dr. Christopher A. Vellturo is hereby GRANTED. The Clerk is DIRECTED to file Exhibit A UNDER SEAL.

It is so ORDERED.

_____
United States District Judge

Date: June 16, 2015