UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CV-25-FL

| | |
|---|---|
| SAS INSTITUTE INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| WORLD PROGRAMMING LIMITED ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on Plaintiff's Motion for Leave to File Under Seal (1) SAS Institute Inc.'s Motion *in Limine* Under FRE 106 (with exhibits) [Dkt. # 404], (2) the Memorandum in Support of SAS Institute Inc.'s Motion *in Limine* Under FRE 106 [Dkt. # 406], (3) SAS Institute Inc.'s Motion *in Limine* to Exclude Certain Evidence (with exhibits) [Dkt. # 407], and (4) the Memorandum in Support of SAS Institute Inc.'s Motion *in Limine* to Exclude Certain Evidence [Dkt. # 410]. The public has been given advance notice of the parties' request to seal these materials, and the Motion was docketed well in advance of this Court's decision on the Motion. *See In re Knight Publishing Co.*, 743 F.2d 231 (4th Cir. 1984). No objection has been lodged on the docket to maintaining these documents under seal. Accordingly, the issues raised in this Motion are now ripe for disposition. For good cause shown, the Motion is ALLOWED.

Because the documents sought to be sealed do not relate to a dispositive motion, they are subject to a common law right of access by the public. *See Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178 (4th Cir. 1988). This common law right of access may only be overcome by demonstrating that "countervailing interests heavily outweigh the public interest in access."

*Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004) (quoting *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)).

The materials sought to be sealed include confidential and competitively sensitive business information. The Court finds the justification behind sealing this information heavily outweighs the public interest in access, particularly in light of no objection from the public, the fact that the public has not already had access to the information contained in the records, and disclosure of the documents would not enhance the public's understanding of an important historical event.

SO ORDERED, this 4th day of September, 2015.

_____
Louise Woods Flanagan
U.S. District Court Judge