FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No.: 5:10-CV-25-FL

| | |
|---|---|
| SAS INSTITUTE, INC., ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER GRANTING DEFENDANT'S** |
| ) | **MOTION TO SEAL** |
| WORLD PROGRAMMING LIMITED, ) | |
| Defendant. ) | |

THIS MATTER is before the Court on Defendant World Programming Limited's Motion to File Under Seal (1) WPL's Motion *In Limine* To Exclude Evidence Related to Computer Associates' Alleged Breach Of Its SAS License Agreement; (2) WPL's Memorandum in support of WPL's Motion; (3) Exhibits 2 and 4 to the Declaration of Edward J. Naughton in support of WPL's Motion; and (4) a Proposed Memorandum Order Granting Defendant's Motion to Seal. Because Exhibits 2 and 4 contain highly-sensitive and confidential business information and because WPL's Motion and Memorandum refer to those materials, Defendant asks that the Court file the foregoing documents under seal. For the reasons that follow, the Court GRANTS the Motion to Seal.

To determine whether to grant a request to seal a document, the court must consider whether "the public's right of access is outweighed by competing interests." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000). Although the common law presumes a right to inspect and copy judicial records and documents, denial of access is within the sound discretion of the court. Id. To determine whether a party's interest in sealing records outweighs the public's right to access, a court must engage in a three-part analysis: (1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object; (2) consider

less drastic alternatives to sealing the documents; and (3) articulate the specific reasons and factual findings supporting its decision to seal. Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

The applicable standards justify sealing the documents requested. The public has received adequate notice of the request to seal because the Motion has been docketed in the public record, and no objection has been raised in the interim. See In re Knight Pub. Co., 743 F.2d 231, 235 (4th Cir. 1984). Additionally, there is no less drastic alternative to filing those documents under seal. Simply put, the parties' interest in preserving the confidentiality of this testimony outweighs any public interest in their disclosure. The parties agreed to designate the Deposition Transcript excerpts contained in Exhibit 2 as "Highly Confidential—Attorney's Eyes Only" SAS Institute designated the letter that comprises Exhibit 4 as "Confidential." WPL's Motion and Memorandum refer to and quote from those confidential documents and WPL's Motions. Accordingly, filing those documents in the public record would disclose confidential and commercially sensitive information including the development of computer software, computer source code, access to the SAS System, confidential negotiations, and settlement terms, all of which is information not generally known to the public. Finally, the Court meets the third prong of the Ashcraft analysis by virtue of the findings delineated in this Order.

For these reasons, Defendant's Motion to File under Seal (1) WPL's Motion *In Limine* To Exclude Evidence Related to Computer Associates' Alleged Breach Of Its SAS License Agreement; (2) WPL's Memorandum in support of WPL's Motion; (3) Exhibits 2 and 4 to the Declaration of Edward J. Naughton in support of WPL's Motion; and (4) a Proposed Memorandum Order Granting Defendant's Motion to Seal is hereby GRANTED. The Clerk is

DIRECTED to file the foregoing documents UNDER SEAL.  The Clerk is further DIRECTED to send a copy of this Memorandum Order to all counsel of record.

It is so ORDERED.

_/s/ Louis W. Flanagan_
United States District Judge

Date: 09/04/2015

3