IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CV-25-FL

| | | |
|---|---|---|
| SAS INSTITUTE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| WORLD PROGRAMMING LIMITED, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on defendant's motion to exclude evidence of damages on plaintiff's breach of contract claim, to be tried by jury beginning September 22, 2015. (DE 415). The issues raised have been briefed fully, and the motion is ripe for ruling. For the reasons that follow defendant's motion is denied.

**COURT'S DISCUSSION**

Defendant argues the court should exclude evidence of plaintiff's breach of contract claim as irrelevant under Federal Rules of Evidence 401 and 402, because plaintiff's claim is legally unfounded under the doctrine of "copyright misuse." Defendant contends that the restrictions in plaintiff's license agreement, which it is undisputed defendant breached, are invalid because the license agreement is anti-competitive and restricts defendant's ability to create its own copyrightable material.[1]

---

[1] Plaintiff argues defendant's motion *in limine* actually is an unpleaded affirmative defense and also that it is irrelevant where there is no software-based copyright claim at issue in this case. The court need not reach these arguments, because defendant's argument fails on its own merits.

A copyright is misused when its holder attempts "to secure an exclusive right or limited monopoly not granted by the Copyright Office and which . . . is contrary to the public policy to grant." Lasercomb Am., Inc. v. Reynolds, 911 F.2d 970, 977 (4th Cir. 1990). Misuse may be proved in two ways. First, use of a copyright to establish a monopoly in violation of the Clayton Act is per se copyright misuse. Id. at 978. Second, a copyright also is misused where its holder uses it in violation of public policy. See id. Use of a copyright violates public policy where the holder attempts to restrict the ability of third parties by contract to independently implement the ideas expressed by the holder's copyrighted material. Id.

This case is easily distinguishable from Lasercomb and other similar cases, and thus defendant's motion is denied. See also, e.g., Video Pipeline, Inc. v. Buena Vista Home Entm't, Inc., 342 F.3d 191, 204 06 (3d Cir. 2003), as amended (Sept. 19, 2003); A&MRecords, Inc. v. Napster, Inc., 239 F.3d 1004, 1026–27 (9th Cir. 2001); Alcatel USA, Inc. v. DGI Technologies, Inc., 166 F.3d 772, 793 (5th Cir. 1999). The Lasercomb court declared invalid as a misuse of copyright an agreement which "forbid[] the licensee [of the software at issue] to develop or assist in developing any kind of [related] software [for a period of 100 years]." Lasercomb, 911 F.2d at 978. The court held that provision invalid because it required the licensee to "forego utilization of the creative abilities of all its officers, directors and employees" to produce a competing software product, allowing the plaintiff to exploit its limited monopoly by curbing the influx of new, creative ideas into the market place. See Lasercomb, 911 F.2d at 974–75, 978. The agreement at issue in this case, by contrast, does not go so far as to preclude all software development in a particular area. Instead, it allows licensees the opportunity to develop competing software, including software that functionally mimics SAS LE, on the condition that the licensee not actively employee plaintiff's

2

copyrighted software product during the development stage. Accordingly, the doctrine of copyright misuse does not bar plaintiff from collecting damages on its breach of contact claim.

## CONCLUSION

Based on the foregoing, defendant's motion to exclude all evidence of plaintiff's breach of contract claim, (DE 415), made pursuant to Federal Rules of Evidence 401 and 402 is DENIED.

SO ORDERED, this the 4th day of September, 2015.

_____
LOUISE W. FLANAGAN
United States District Judge

3