IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CV-25-FL

| | | |
|---|---|---|
| SAS INSTITUTE, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| WORLD PROGRAMMING LIMITED, | ) | |
| Defendant. | ) | |

This matter comes before the court on defendant's emergency motion to allow the use of certain evidence at trial. (DE 401). The issues raised have been briefed fully, and the motion is ripe for ruling. For the reasons that follow defendant's motion is denied.

**COURT'S DISCUSSION**

On June 8, 2010, the court entered a protective order with the parties' consent. Thereafter, on January 28, 2013, the court entered an amended stipulated protective order. The effect of these orders is that the parties' competing software products were excluded from discovery, save certain limited use during the course of expert discovery. Defendant moves the court to modify the stipulated protective order in this case to allow defendant use of the SAS LE software at trial.

Defendant suggests that the continued effect of the protective order offends the First Amendment, citing Seattle Times v. Rinehart, 467 U.S. 20 (1984). However, defendant's argument misses the mark. In the context of defendant's motion, the protective order does not prohibit the disclosure of information to the public, as contemplated by Seattle Times and its progeny. Rather, on the facts of this case the protective order limited the scope of discovery, which defendant, in

effect, now attempts to reopen with a broader scope by moving the court to compel production of plaintiff's software product.

In Rinehart the Supreme Court addressed Washington State's Rule of Civil Procedure 26(c), which mirrors its federal counterpart. There, the Court applied intermediate scrutiny to protective orders prohibiting disclosure of confidential information during the pretrial process. Id. at 34 ("Rule 26(c) furthers a substantial governmental interest unrelated to the suppression of expression."). The Court then went on to hold that "[where] a protective order is entered on a showing of good cause as required by Rule 26(c), is limited to the context of pretrial discovery, and does not restrict the dissemination of the information if gained from other sources, it does not offend the First Amendment." Id. at 37. Other similar cases have recognized that a protective order that prohibits the disclosure of information obtained in discovery may violate the First Amendment. See, e.g., Glasser v. A.H. Robbins Co., 950 F.2d 147, 149 (4th Cir. 1991); *In re* Grand Jury Subpoena (United States v. Under Seal), 836 F.2d 1468, 1475 n.11 (4th Cir. 1988) (sealing civil discovery proceedings may offend the First Amendment).

Defendant's argument assumes that the amended stipulated protective order prohibits the dissemination of information gained during discovery. However, disclosure of such information is not at issue here. The parties agreed that their software would be discoverable only in the context of expert discovery, and even then that the experts would have access to the software only under limited circumstances. To accomplish that goal, the amended stipulated protective order set up a particular mechanism through which discovery relating to the software was to occur. (See Amended Stipulated Protective Order, DE 106, ¶2).

That mechanism had the practical effect of excluding executable versions of the parties'

2

software from discovery, a practice explicitly contemplated by the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 26(c)(1)(A) (recognizing parties may restrict disclosure or discovery). For example, paragraph 2(a) explicitly prohibits the "loading, copying, or outputting" of any software on any computer other than an "Approved Device." (Id.). The parties explicitly agreed to limit access to those "Approved Devices" to "a specified location which is approved in writing by the producing party." (Id.). By asking that the court order plaintiff turn over a copy of SAS LE for use at trial, defendant effectively requests the court to re-open discovery and allow it to gain access to evidence previously agreed to be outside the scope of discovery.

Defendant's request in effect to re-open discovery must be denied. Defendant argues that plaintiff bears the burden of demonstrating why the protective order should have continued effect. However, defendant's argument is couched in the erroneous assumption that the protective order limits disclosure. As discussed above, in reality the protective order limited the scope of discovery itself to specifically exclude SAS LE. Accordingly, defendant now bears the burden of demonstrating that the court should reopen discovery. Whether to reopen discovery is within the discretion of the court. See Vodrey v. Golden, 864 F.2d 28, 32 (4th Cir. 1988) ("The district court's discretion with respect to discovery matters is broad."). Under the circumstances of this case, reopening discovery is improvident.

Defendant argues that use of SAS LE at trial is necessary to assist the jury in its understanding of the issues in this case, most especially damages. Countervailing considerations, however, weigh against granting defendant's motion. For example, the looming issues preserved for trail relate to the process of contract formation, as well as how much defendant relied on SAS LE in creating WPS. Allowing the jury to view the software's functionality could have a severely

3

misleading effect, perhaps causing the jurors to award damages based on the functionality overlap or similarities between the products rather than the benefits defendant gained from its use. Relatedly, any demonstration necessarily would reenforce to the jury that use of SAS LE comprised only a small amount of time in the development of WPS. While that fact is true, in absolute terms, it is misleading and distracts from the issues at trial. The actual issue on which damages rest in this case is the mental benefit, manifested in the form of expedited software development, gained from defendant's use of SAS LE throughout the development process.

Two more points counsel in favor of denying defendant's motion. First, it is difficult to believe that defendant for the first time at this late hour realized that use of SAS LE at trial would be beneficial to its defense. Second, both parties limited the discovery with respect to their proprietary software to experts only as a mechanism to protect their trade secrets. Defendant has received the benefit of its bargain – plaintiff does not have an executable copy of WPS. Defendant, through this motion, now seeks to circumvent that agreement toward the end of gaining the upper hand at trial. The court will not allow it.

## CONCLUSION

Based on the foregoing, defendant's emergency motion to allow the use of SAS LE at trial (DE 401) is DENIED.

SO ORDERED, this the 4th day of September, 2015.

_____
LOUISE W. FLANAGAN
United States District Judge

4

Case 5:10-cv-00025-FL   Document 445   Filed 09/04/15   Page 4 of 4