**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**
**WESTERN DIVISION**
**No.: 5:10-CV-25-FL**

|                                          |     |                                    |
| ---------------------------------------- | --- | ---------------------------------- |
| SAS INSTITUTE, INC.,                     | )   |                                    |
| Plaintiff,                               | )   |                                    |
|                                          | )   |                                    |
| v.                                       | )   | **ORDER GRANTING WPL'S**           |
|                                          | )   | **MOTION TO SEAL THE JOINT**       |
| WORLD PROGRAMMING LIMITED,               | )   | **COMPENDIUM**                     |
| Defendant.                               | )   |                                    |

THIS MATTER is before the Court on Defendant World Programming Limited's ("WPL") Motion to File under Seal the parties' joint compendium ("Joint Compendium"). Because the Joint Compendium relates and refers to highly-sensitive and confidential business information, Defendant asks that the Court file the Joint Compendium under seal. For the reasons that follow, the Court GRANTS the Motion to Seal.

To determine whether to grant a request to seal a document, the court must consider whether "the public's right of access is outweighed by competing interests." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000). Although the common law presumes a right to inspect and copy judicial records and documents, denial of access is within the sound discretion of the court. Id. To determine whether a party's interest in sealing records outweighs the public's right to access, a court must engage in a three-part analysis: (1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object; (2) consider less drastic alternatives to sealing the documents; and (3) articulate the specific reasons and factual findings supporting its decision to seal. Id.

The applicable standards justify sealing the Joint Compendium. The public has received adequate notice of the request to seal because WPL's Motion and Memorandum In Support have

been docketed in the public record, and no objection has been raised in the interim. See In re Knight Pub. Co., 743 F.2d 231, 235 (4th Cir. 1984). Additionally, there is no less drastic alternative to filing the Joint Compendium under seal. Simply put, the parties' interest in preserving the confidentiality of this testimony outweighs any public interest in their disclosure. The parties agreed to designate certain deposition testimony and witness statements as "Highly Confidential—Attorney's Eyes Only" or "Confidential." The Joint Compendium contains that testimony. Accordingly, filing the Joint Compendium in the public record would disclose confidential and commercially sensitive information not generally known to the public. Finally, the Court meets the third prong of the Ashcraft analysis by virtue of the findings delineated in this Order.

For these reasons, Defendant's Motion to File under Seal the Joint Compendium is hereby GRANTED. The Clerk is DIRECTED to file the foregoing documents UNDER SEAL. The Clerk is further DIRECTED to send a copy of this Memorandum Order to all counsel of record.

It is so ORDERED.

United States District Judge

Date: 09/04/2015