IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CV-25-FL

| | | |
|---|---|---|
| SAS INSTITUTE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| WORLD PROGRAMMING LIMITED, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion in limine to exclude evidence concerning disgorgement of profits. (DE 413). The issues raised have been briefed fully and in this posture are ripe for ruling. For the reasons stated more particularly herein, defendant's motion is denied.

**COURT'S DISCUSSION**

Defendant contends disgorgement of profits is not an appropriate remedy for plaintiff's common law breach of contract and fraud claims, as well as plaintiff's statutory unfair and deceptive practices claim ("UDPA"), N.C. Gen. Stat. § 75–1.1, remaining for trial. The court addresses each claim in turn below.

Defendant first argues disgorgement of profits is an inappropriate remedy for a breach of contract claim. Damages for breach of contract only may be awarded for the amount "reasonably determined to have been in the contemplation of the parties when the contract was made or which will compensate the injured party for the loss which fulfillment of the contract could have prevented or the breach of it has entailed." Weyerhaeuser Co. v. Supply Co., 292 N.C. 557, 560–61 (1977)

(internal quotations and citations omitted).  Disgorgement of profits does not fall within that definition.

Nevertheless, plaintiff argues that because lost profits are inadequate to compensate it for the harm caused by defendant's breach of contract, it is entitled to defendant's profits. Disgorgement of profits is relief in the nature of restitution.  See Restatement (Third) of Restitution and Unjust Enrichment § 51. In North Carolina, courts award damages in the nature of restitution in contract disputes only where plaintiff brings a claim for breach of a "quasi-contract" or a contract implied-in-law.  See Booe v. Shardrick, 322 N.C. 567, 570 (1988); D.W.H. Painting Co., Inc. v. D.W. Ward Const. Co., Inc., 174 N.C. App. 327, 334 (2005).  "In the absence of implied contract, no recovery will lie [in restitution]." Bauman v. Smith, 41 N.C. App. 223, 231 rev'd on other grounds, 298 N.C. 778 (1979).  Here, plaintiff only has pleaded a breach of contract claim. Accordingly, plaintiff is not entitled to defendant's profits on that claim alone.

Plaintiff's arguments to the contrary each are unpersuasive.  The cases cited by plaintiff, all of which allow equitable relief in the context of an express contract, are distinguishable.  For example, in A.E.P. Indus., Inc. v. McClure, 308 N.C. 393 (1983), the North Carolina Supreme Court considered the adequacy of money damages in the context of granting an injunction, a separate cause of action and specific form of relief.  Id. at 406–07.  Here plaintiff pleaded no alternative form of equitable relief requiring the court to analyze the adequacy of legal damages.  Even the case plaintiff propounds as being directly on point, Glendale Federal Bank v. United States, 239 F.3d 1374 (Fed. Cir. 2001), undercuts its argument that restitution is available on a breach of contract claim.  In particular, in Glendale the Federal Circuit referred to damages in the nature of restitution as a "fall-back position" for which the injured party "can sue."  Id. at 1380.  As evidenced by Glendale,

entitlement to restitution comes not from a breach of contract claim itself, but a separate cause of action sounding in equity, although the breach of contract and equitable cause of action may arise from the same conduct. Accordingly, despite the fact plaintiff contends that failure to disgorge profits on a breach of contract claim is a "right without a remedy," that simply is not true. Plaintiff failed to take advantage of the appropriate right, and thus cannot take advantage of the remedy.

One of plaintiff's arguments merits special address. The Restatement (Third) of Restitution § 39 provides that disgorgement of profits is an appropriate remedy when defendant's breach of contract is "opportunistic." See Restatement, supra § 39. However, plaintiff cites no North Carolina case law awarding damages on a breach of contract theory in such circumstances. Rather, the relevant section of the Restatement is embodied in North Carolina's UDPA. See Broussard v. Mineke Disc. Muffler Shops, Inc., 155 F.3d 331, 347 (4th Cir. 1998) (violation of UDTPA where breach of contract accompanied by aggravating circumstances). The UDPA is addressed more specifically below.

Defendant next argues that disgorgement of profits is an inappropriate remedy for plaintiff's fraud claim. In the usual case, damages for the tort of fraud, which includes fraudulent in the inducement, seeks to put plaintiff in the position it would have been in but for the fraud. See River Birch Assocs v. City of Raleigh, 326 N.C. 100, 130 (1990). However, "[w]hen a person discovers that he has been fraudulent induced [into a contract]," the remedy of rescission also is available. Bruton v. Bland, 260 N.C. 429, 430 (1963); see also Winant v. Bostic, 5 F.3d 767, 775 (4th Cir. 1993). "Where fraud is proved, the courts are astute to give plaintiff a complete remedy and are careful to avoid situations in which the defendant may benefit from his fraud." TradeWinds Airlines, Inc. v. C.S. Aviation Servs., 222 N.C. App. 834, 841 (2012). To return the parties to their original

3

status disgorgement of defendant's profits is necessary. Accordingly, plaintiff may elect to rescind the contract and collect defendant's profits in the event is succeeds on its fraud claim.

Defendant finally argues that disgorgement of profits is an inappropriate remedy for a violation of the UDPA. The UDPA "[is] neither wholly tortious nor wholly contractual in nature and the measure of damages is broader than common law claims." Sunbelt Rentals, Inc. v. Head & Engquist Equip., LLC, 174 N.C. App. 49, 61 (2005). The measure of damages should further the statute's purpose, "to restore the victim to his original condition, to give back to him that which was lost as far as it may be done by compensation in money." Phillips v. Chesson, 231 N.C. 466, 571 (1950); Richardson v. Bank of Am., N.A., 182 N.C. App. 531, 562 (2007). However, damages on a UDPA claim "are not necessarily limited to those that might be had for breach of contract," Poor v. Hill, 138 N.C. App. 19, 30 (2000), because "the [UDPA] was created partly because [the remedies available for fraud, breach of contract, or breach of warranty] often were ineffective, [and thus] it would be illogical to hold that only those methods of measuring damages could be used." Bernard v. Central Carolina Truck Sales, 68 N.C. App. 228, 232 (1984).

Where profits are a "rough measure of the plaintiff's damages," profits may serve as an appropriate measure of damages under the UDPA. See Belk, Inc. v. Meyer Corp., 679 F.3d 146, 168 (4th Cir. 2012); Polo Fashions, Inc. v.Craftex, Inc., 816 F.2d 145, 149 (4th Cir. 1987). In Polo the court awarded to plaintiff as damages for a UDPA violation defendant's profits. Plaintiff and defendant were competitors in the clothing industry, selling shirts. Defendant's brand employed a logo similar to that used on plaintiff's shirts. Although the parties occupied the same market, defendant sold cheaper shirts and occupied the market's lower end.

The court recognized that plaintiff had not lost sales equivalent to the total dollar sales of the

shirts sold by defendant, that "[t]he retail price of plaintiff's shirts was several times the retail price at which the defendants' goods were sold," and that "some buyers of the defendants' shirts would not have been willing to pay the higher prices necessary to purchase one of plaintiff's shirts." Polo, 816 F.2d at 149. Nevertheless, the court awarded defendant's profits to plaintiff, noting that it could "hardly be denied" that plaintiff's sales had been adversely affected by defendant's conduct. Id. Here, the circumstances are similar. Defendant sold a functionally similar product, targeted at plaintiff's customers. Even though plaintiff's product was much more expensive, and not all of defendant's new customers could have afforded plaintiff's product, there is no precise way to measure how much revenue plaintiff lost through defendant's sales to new customers that otherwise would have used plaintiff's product. Accordingly, defendant's profits are an appropriate measure of damages.[1]

As a final matter, the availability of disgorgement under both plaintiff's fraud and UDPA claims creates tension with regard to the nature of damages. In particular, trebling of defendant's profits only is allowed if plaintiff elects to collect damages under the UDPA. To recover under the UDPA, plaintiff must prove 1) that defendant committed an unfair or deceptive act or practice, 2) in or affecting commerce, 3) which proximately caused plaintiff's injury. Bumpers v. Cmty. Bank of N. Va., 367 N.C. 81, 88 (2013). Fraud is a per se unfair practice. Bhatti v. Buckland, 328 N.C. 240, 243 (1991). If plaintiff proves fraud and succeeds in establishing the remaining elements of a UDPA violation it will have the full array of UDPA damages available to it, subject to trebling pursuant to N.C. Gen. Stat. § 75–16. These damages include defendant's profits. However, if

---

[1] It is of no moment that Polo is a case brought under the Lanham Act, because the court based its award of damages on the UDPA. Damages awarded under the UDPA are theoretically distinct from any other basis on which plaintiff's damages potentially could rest. See Polo Fashions, Inc. v. Craftex, Inc., 816 F.2d 147, 149 (4th Cir. 1987).

5

plaintiff elects to rescind the contract, as it would be entitled to upon a showing of fraud in the inducement, it may not treble defendant's profits, which then would be owed to it as restitution rather than damages. <u>Winant</u>, 5 F.3d at 776–77.

## CONCLUSION

Based on the foregoing, defendant's motion to exclude evidence of disgorgement of profits (DE 413) is DENIED. Although disgorgement is not available under plaintiff's breach of contract theory, it is an appropriate remedy for both plaintiff's fraud and UDPA claims.

SO ORDERED, this the 8th of September, 2015.

_____
LOUISE W. FLANAGAN
United States District Judge

6