FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No.: 5:10-CV-25-FL

| | |
|---|---|
| SAS INSTITUTE, INC., | ) |
|     Plaintiff, | ) |
| | ) **ORDER GRANTING WPL'S** |
| v. | ) **MOTION TO REDACT** |
| | ) **TRANSCRIPTS FROM MOTION** |
| WORLD PROGRAMMING LIMITED, | ) **HEARING** |
|     Defendant. | ) |

THIS MATTER is before the Court on Defendant World Programming Limited's ("WPL") Motion to Redact portions of the transcripts from the Motion Hearing on July 23 and 24, 2015 ("Hearing Transcripts"). Because the Hearing Transcripts relate and refer to highly-sensitive and confidential business information, Defendant asks that the Court allow the redactions proposed in Exhibit A. For the reasons that follow, the Court GRANTS the Motion to Redact.

To determine whether to grant a request to seal or redact a document, the court must consider whether "the public's right of access is outweighed by competing interests." See Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000). Although the common law presumes a right to inspect and copy judicial records and documents, denial of access is within the sound discretion of the court. Id. To determine whether a party's interest in sealing or redacting records outweighs the public's right to access, a court must engage in a three-part analysis: (1) provide public notice of the request to redact and allow interested parties a reasonable opportunity to object; (2) consider less drastic alternatives to redacting the documents; and (3) articulate the specific reasons and factual findings supporting its decision to redact. See id.

The applicable standards justify redacting the Hearing Transcripts. The public has received adequate notice of the request to redact because WPL's Motion and Memorandum In Support have been docketed in the public record, and no objection has been raised in the interim. See In re Knight Pub. Co., 743 F.2d 231, 235 (4th Cir. 1984). Additionally, there is no less drastic alternative to redact the Hearing Transcripts. Simply put, the parties' interest in preserving the confidentiality of this testimony outweighs any public interest in their disclosure. The parties agreed to designate certain expert reports and exhibits as "Highly Confidential— Attorney's Eyes Only" or "Confidential." The Hearing Transcripts contain testimony pertaining to those documents. Accordingly, filing the Hearing Transcripts in the public record would disclose confidential and commercially sensitive information not generally known to the public. Finally, the Court meets the third prong of the Ashcraft analysis by virtue of the findings delineated in this Order.

For these reasons, WPL's Motion to Redact the Hearing Transcripts is hereby GRANTED. The Clerk is DIRECTED to file the foregoing documents WITH REDACTIONS. The Clerk is further DIRECTED to send a copy of this Memorandum Order to all counsel of record.

It is so ORDERED.

_____
United States District Judge

Date: 9/15/2015

2

Case 5:10-cv-00025-FL   Document 466   Filed 09/15/15   Page 2 of 2