FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No.: 5:10-CV-25-FL

| | | |
|---|---|---|
| SAS INSTITUTE, INC., | ) | ORDER GRANTING WPL'S |
| Plaintiff, | ) | MOTION TO FILE UNDER SEAL |
| | ) | EXHIBITS 1 & 4 TO THE |
| v. | ) | DECLARATION OF OLIVER |
| | ) | ROBINSON IN SUPPORT OF WPL'S |
| WORLD PROGRAMMING LIMITED, | ) | OPPOSITION TO SAS INSTITUTE'S |
| Defendant. | ) | MOTION FOR SPOLIATION |
| | | SANCTIONS |

THIS MATTER is before the Court on Defendant World Programming Limited's ("WPL") Motion to File under Seal Exhibits 1 and 4 to the Declaration of Oliver Robinson in Support of WPL's Opposition to SAS Institute's Motion for Spoliation Sanctions. Because Exhibit 1 is made up entirely of edits to the source code of WPL's software, and Exhibit 4 contains sensitive business information of the parties and was previously designated highly confidential, WPL asks that the Court file Exhibits 1 and 4 under seal. For the reasons that follow, the Court GRANTS the Motion to Seal.

To determine whether to grant a request to seal a document, the court must consider whether "the public's right of access is outweighed by competing interests." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000). Although the common law presumes a right to inspect and copy judicial records and documents, denial of access is within the sound discretion of the court. Id. To determine whether a party's interest in sealing records outweighs the public's right to access, a court must engage in a three-part analysis: (1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object; (2) consider less drastic alternatives to sealing the documents; and (3) articulate the specific reasons and factual findings supporting its decision to seal. Id.

The applicable standards justify sealing Exhibits 1 and 4. The public has received adequate notice of the request to seal because WPL's Motion and Memorandum In Support have been docketed in the public record, and no objection has been raised in the interim. See In re Knight Pub. Co., 743 F.2d 231, 235 (4th Cir. 1984). Additionally, there is no less drastic alternative to filing Exhibits 1 and 4 under seal. Simply put, WPL's interest in preserving the confidentiality of its sensitive business information outweighs any public interest in their disclosure. Filing Exhibits 1 and 4 in the public record would disclose confidential and commercially sensitive information not generally known to the public. Finally, the Court meets the third prong of the Ashcraft analysis by virtue of the findings delineated in this Order.

For these reasons, Defendant's Motion to File under Seal Exhibits 1 and 4 to the Declaration of Oliver Robinson in Support of WPL's Opposition to SAS Institute's Motion for Spoliation Sanctions is hereby GRANTED. The Clerk is DIRECTED to file the foregoing documents UNDER SEAL. The Clerk is further DIRECTED to send a copy of this Memorandum Order to all counsel of record.

It is so ORDERED.

Date: Oct. 8, 2015.

United States District Judge

2

Case 5:10-cv-00025-FL   Document 511   Filed 10/08/15   Page 2 of 2