IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

SAS INSTITUTE, INC.,

    Plaintiff,

v.                                       Civil Action No: 5:10-25-FL

WORLD PROGRAMMING LIMITED,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is defendant's Motion to Amend Answer to First Amended Complaint. (Doc. No. 480). For those reasons stated herein and on the record during trial, the motion is **DENIED**.

**I. Discussion**

In its motion, defendant argues that the court should permit it to amend its answer pursuant to Federal Rule of Civil Procedure 15(b)(1) to reflect an affirmative defense of copyright misuse. Defendant contends that amendment will aid in the presentation of the case's merits and will conform the pleadings to the evidence. Plaintiff opposes defendant's motion, arguing that defendant must satisfy the more stringent requirements set forth in Rule 16 as the deadline for amendment of pleadings has passed. Plaintiff further argues that defendant's amendment would be futile, as the court has already

determined that a defense of copyright misuse does not apply to the agreement at issue in this case.

The court agrees with defendant that the more lenient Rule 15(b)(1) is the applicable standard, as defendant proposes the amendment in response to evidence raised during trial. Under Rule 15(b)(1),

> [i]f, at trial, a party objects that evidence is not within the issues raised in the pleadings, the court may permit the pleadings to be amended. The court should freely permit an amendment when doing so will aid in presenting the merits and the objecting party fails to satisfy the court that the evidence would prejudice that party's action or defense on the merits.

(2012). The decision to permit or disallow amendment is within the discretion of the court. See Pinkley, Inc. v. City of Frederick, Md., 191 F.3d 394, 400 (4th Cir. 1999) (citing Elmore v. Corcoran, 913 F.2d 170, 172 (4th Cir. 1990)).

However, defendant's proposed amendment of its answer to include the affirmative defense of copyright misuse would not aid in the presentation of the case's merits. The court has already determined that a defense of copyright misuse is inapplicable to this case. In the court's September 4, 2015 Order denying defendant's motion in limine to exclude evidence of damages on plaintiff's contract claim, the court stated that "the doctrine of copyright misuse does not bar plaintiff from collecting damages on its breach of contract claim." (Doc. No. 444 at 3). While defendant characterizes this ruling as merely

2

evidentiary, the court's reasoning was based upon the substantive determination that copyright misuse is not a relevant defense in this case.[1] As a result, amendment of defendant's answer to include this defense would not aid the presentation of the case's merits or help the jury's understanding of those merits.

Furthermore, defendant's proposed amendment will not conform the pleadings to the evidence presented as defendant claims.[2] The court notes that defendant's proposed use of Rule 15(b)(1) is not the use which the Rule contemplates. The Rule contemplates a scenario where one party presents evidence, the opposing party objects, and the court permits amendment of the pleadings to reflect presentation of that evidence, absent prejudice to the opposing party. In this case, plaintiff's witnesses have given testimony, albeit limited testimony, regarding the restriction of rights in the SAS Learning Edition license agreement and defendant has objected to that testimony.[3]

---

[1] For all the reasons expressed in the court's opinion, such an amendment would be futile.

[2] The court notes that defendant's additional rationale for amendment--to conform its answer to the evidence--comes from the text of Rule 15(b)(2), rather than 15(b)(1). However, the court would deny defendant's motion under this standard as well, as the court finds that the parties have not tried this contested issue either by express or implied consent.

[3] As noted by defendant in its response, defendant's counsel objected to testimony by a SAS Institute witness as a "back door" effort by plaintiff to reassert certain copyright claims. See Tr., Day 6, 1:12-24 ("My concern about some of Dr.

3

Yet plaintiff has not moved to amend its pleading to reflect this additional evidence. Instead, it is defendant who is the moving party, moving to amend its answer to include a defense that responds to plaintiff's evidence. Therefore, amendment would not conform the pleadings to the evidence already presented but would alternatively permit defendant to present a defense to contested evidence, a defense the court previously determined to be without merit. With these considerations in mind, the court finds that denial of defendant's motion is appropriate.

## II. Conclusion

For the reasons herein stated and those placed on the record during trial, defendant's Motion to Amend Answer to First Amended Complaint, (Doc. No. 480), is **DENIED**. The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record.

**IT IS SO ORDERED** on this 9th day of October, 2015.

ENTER:

_David A. Faber_
David A. Faber
Senior United States District Judge

---

(cont'd)
Rodriguez'[s] testimony yesterday has within [sic] to suggest that there's some sort of creativity or protectable expression in the choice of statistical functions that are included in the software, and my concern is that that kind of testimony is a back door to bring in some kind of copyright claim . . . ."); id. at 24:6-12 ("This is the copyright claim being snuck in through the back door . . . .").

4