| | |
|---|---|
| SAS INSTITUTE, INC., </br> Plaintiff, </br> v. </br> WORLD PROGRAMMING LIMITED, </br> Defendant. | MEMORANDUM ORDER GRANTING WPL'S MOTION TO FILE UNDER SEAL WPL'S OPPOSITIONS TO SAS INSTITUTE'S MOTION FOR ENTRY OF A PERMANENT INJUNCTION & MOTION FOR ATTORNEYS' FEES, & THE DECLARATIONS OF SAMUEL MANNING & OLIVER ROBINSON IN SUPPORT THEREOF |

THIS MATTER is before the Court on Defendant World Programming Limited's ("WPL") Motion to File under Seal its Opposition to SAS Institute Inc.'s ("SAS Institute") Motion for Entry of a Permanent Injunction, the Declaration of Samuel Manning in Opposition to SAS Institute's Motion for Entry of a Permanent Injunction, WPL's Opposition to SAS Institute's Motion for Attorneys' Fees, and the Declaration of Oliver Robinson in Opposition to SAS Institute's Motion for Attorneys' Fees (collectively, "Oppositions and Declarations"). Because the Oppositions and Declarations contain numerous references to confidential settlement negotiations of the parties as well as WPL's sensitive business information, including its sales data and customers, WPL asks that the Court file the Oppositions and Declarations under seal. For the reasons that follow, the Court GRANTS the Motion to Seal.

To determine whether to grant a request to seal a document, the court must consider whether "the public's right of access is outweighed by competing interests." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000). Although the common law presumes a right to inspect and copy judicial records and documents, denial of access is within the sound discretion of the court. Id. To determine whether a party's interest in sealing records outweighs the

public's right to access, a court must engage in a three-part analysis: (1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object; (2) consider less drastic alternatives to sealing the documents; and (3) articulate the specific reasons and factual findings supporting its decision to seal. Id.

The applicable standards justify sealing the Oppositions and Declarations. The public has received adequate notice of the request to seal because WPL's Motion and Memorandum In Support have been docketed in the public record, and no objection has been raised in the interim. See In re Knight Pub. Co., 743 F.2d 231, 235 (4th Cir. 1984). Additionally, there is no less drastic alternative to filing the Oppositions and Declarations under seal. Simply put, WPL's interest in preserving the confidentiality of its sensitive business information outweighs any public interest in their disclosure. Filing the Oppositions and Declarations in the public record would disclose confidential and commercially sensitive information not generally known to the public, as well as confidential settlement negotiations between the parties. Finally, the Court meets the third prong of the Ashcraft analysis by virtue of the findings delineated in this Order.

For these reasons, Defendant's Motion to File under Seal the Oppositions and Declarations is hereby GRANTED. The Clerk is DIRECTED to file the foregoing documents UNDER SEAL. The Clerk is further DIRECTED to send a copy of this Memorandum Order to all counsel of record.

It is so ORDERED.

_____
United States District Judge

Date: 05/09/2016