UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No.: 5:10-CV-25-FL

| | | |
|---|---|---|
| SAS INSTITUTE, INC., | ) | MEMORANDUM ORDER |
| | ) | GRANTING WPL'S MOTION TO |
| Plaintiff, | ) | FILE UNDER SEAL EXHIBITS A–C |
| | ) | TO THE DECLARATION OF |
| v. | ) | CLAIRE BLEWETT & EXHIBIT A |
| | ) | TO THE DECLARAITON OF |
| WORLD PROGRAMMING LIMITED, | ) | DENNIS COHEN |
| Defendant. | ) | |

THIS MATTER is before the Court on Defendant World Programming Limited's ("WPL") Motion to File under Seal Exhibits A–C to the Declaration of Claire Blewett and Exhibit A to the Declaration of Dennis Cohen in Support of WPL's Reply Memorandum in Support of its Motion for Attorney's Fees (collectively, "Exhibits"). Because the Exhibits contain information protected by the attorney-client privilege, as well as information that is highly confidential, proprietary, and commercially sensitive information of WPL, WPL asks that the Court file the Exhibits under seal. For the reasons that follow, the Court GRANTS the Motion to Seal.

To determine whether to grant a request to seal a document, the court must consider whether "the public's right of access is outweighed by competing interests." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000). Although the common law presumes a right to inspect and copy judicial records and documents, denial of access is within the sound discretion of the court. Id. To determine whether a party's interest in sealing records outweighs the public's right to access, a court must engage in a three-part analysis: (1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object; (2) consider

less drastic alternatives to sealing the documents; and (3) articulate the specific reasons and factual findings supporting its decision to seal. Id.

The applicable standards justify sealing the Exhibits. The public has received adequate notice of the request to seal because WPL's Motion and Memorandum In Support have been docketed in the public record, and no objection has been raised in the interim. See In re Knight Pub. Co., 743 F.2d 231, 235 (4th Cir. 1984). Additionally, there is no less drastic alternative to filing the Exhibits under seal. Simply put, WPL's interest in preserving the attorney-client privilege and the confidentiality of its sensitive business information outweighs any public interest in their disclosure. Filing the Exhibits in the public record would disclose privileged attorney-client communications, as well as confidential and commercially sensitive information of WPL that is not generally known to the public. Finally, the Court meets the third prong of the Ashcraft analysis by virtue of the findings delineated in this Order.

For these reasons, WPL's Motion to File under Seal the Exhibits is hereby GRANTED. The Clerk is DIRECTED to file the foregoing documents UNDER SEAL. The Clerk is further DIRECTED to send a copy of this Memorandum Order to all counsel of record.

It is so ORDERED.

_Louis W. Flanagan_
United States District Judge

Date: 5/09/2016