IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CV-25-FL

| | | |
|---|---|---|
| SAS INSTITUTE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| WORLD PROGRAMMING LIMITED, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court of its own initiative. This matter came before the court on the parties' cross-motions for summary judgment. The court granted in part and denied in part each motion. (DE 296; DE 388). In September 2015, this case was tried to a jury. On October 9, 2015, the jury returned a verdict in plaintiff's favor. Judgment on those claims tried to the jury entered October 16, 2015. (DE 528). Following jury trial, the court resolved a number of post-trial motions, including plaintiff's motion for permanent injunction and plaintiff's motion for entry of judgment.[1] On June 17, 2016, the court denied plaintiff's motion for permanent injunction (DE 601), and granted in part and denied in part plaintiff's motion for entry of judgment. (DE 600).

Based upon the foregoing, the court DIRECTS the clerk of court to enter an amended judgment for plaintiff and against defendant on the following terms:

---

[1] This case also came before the court on defendant's renewed motion for judgment as a matter of law or, in the alternative, for a new trial. The court denied that motion by order entered June 17, 2016. (DE 599). Where the court denied defendant's renewed motion for judgment as a matter of law or, in the alternative, for a new trial, the court DENIES as MOOT defendant's first motion for judgment as a matter of law (DE 482), defendant's oral motion for judgment as a matter of law, defendant's renewed oral motion for judgment as a matter of law, and defendant's first renewed motion for judgment as a matter of law (DE 505).

- Plaintiff shall have and recover from defendant: 1) $26,376,635.00 in compensatory damages for breach of contract; 2) $26,376,635.00 in compensatory damages for fraudulent inducement to contract; and 3) $26,376,635.00 in compensatory damages for violation of North Carolina's Unfair and Deceptive Practices Act, N.C. Gen. Stat. § 75–1.1. Where each award of damages arises from the same injury, plaintiff shall be entitled to collect $26,376,635.00 only once. Post-judgment interest shall accrue from October 16, 2015, in accordance with 28 U.S.C. § 1961.

- In addition, plaintiff shall have and recover from defendant $52,753,270.00, which sum is awarded to plaintiff for defendant's violation of North Carolina's Unfair and Deceptive Practices Act, N.C. Gen. Stat. § 75–1.1, as required by N.C. Gen. Stat. § 75–16. Post-judgment interest shall accrue from October 16, 2015, in accordance with 28 U.S.C. § 1961.

Furthermore, the court DIRECTS the clerk to enter judgment against plaintiff on its claim for permanent injunction. Plaintiff is not entitled to a permanent injunction and shall have and recover nothing on that claim.

SO ORDERED, this the 15th day of July, 2016.

LOUISE W. FLANAGAN
United States District Judge