## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## WESTERN DIVISION

SAS INSTITUTE, INC.,       )
                              )
        Plaintiff,       )
                              )        **AMENDED JUDGMENT**
   v.                   )
                              )        No. 5:10-CV-25-FL
WORLD PROGRAMMING LIMITED,   )
                              )
        Defendant.    )

**Decision by Court and Jury.**

This action came before the Honorable Louise W. Flanagan, United States District Judge, for consideration of the plaintiff's motion for partial summary judgment and defendant's motion for summary judgment. Subsequent to the court's ruling as to these motions, the remaining claims in this action were tried by a jury with Senior United States District Judge David A. Faber presiding, and the jury rendered a verdict. The court then also considered the parties' post-trial motions.

**IT IS ORDERED, ADJUDGED AND DECREED,** pursuant to the court's order entered September 29, 2014, that the plaintiff's motion for partial summary judgment is granted in part and denied in part and defendant's motion for summary judgment is granted in part and denied in part. Plaintiff's motion is granted as to its claim for breach of contract and denied as to its claim for tortious interference with contract. Defendant's motion is granted as to plaintiff's claims for copyright infringement of the SAS System, tortious interference with contract, and tortious interference with prospective economic advantage, and denied as to plaintiff's claims for copyright infringement of the SAS manuals, breach of contract, fraudulent inducement, and for unfair and deceptive trade practices;

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the jury finds that defendant World Programming Limited fraudulently induced plaintiff SAS Institute, Inc. to enter into the SAS Learning Edition License Agreement;

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the jury finds that defendant World Program Limited's fraudulent conduct was in or affecting commerce and such conduct was a proximate cause of plaintiff SAS Institute Inc.'s injury, in violation of North Carolina's Unfair and Deceptive Practices Act, N.C. Gen. Stat. § 75–1.1;

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that plaintiff shall have and recover the sum of $26,376,635.00 in compensatory damages on its breach of contract claim, the sum of $26,376,635.00 in compensatory damages on its fraudulent inducement to contract claim, and the sum of $26,376,635.00 in compensatory damages on its claim for violation of North Carolina's Unfair and Deceptive Practices Act, N.C. Gen. Stat. § 75–1.1. Where each award of damages arises from the same injury, plaintiff shall be entitled to collect $26,376,635.00 only once.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED**, that interest shall be at the legal rate, accruing from October 16, 2015 until paid;

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that plaintiff shall have and recover the additional sum of $52,753,270.00 on its claim for violation of North Carolina's Unfair and Deceptive Practices Act, N.C. Gen. Stat. § 75–1.1, which sum, in addition to the compensatory amount specified above, represents the trebling of plaintiff's damages as required by law, N.C. Gen. Stat. § 75–16.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED**, that interest shall be at the legal rate, accruing from October 16, 2015 until paid;

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED**, pursuant to the court's order entered June 17, 2016 at Docket Entry 599, that defendant's motion for judgment as a matter of law or, in the alternative, for a new trial is denied;

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED**, pursuant to the court's order entered June 17, 2016 at Docket Entry 600, that plaintiff's motion for entry of judgment, including treble damages or punitive damages to be elected upon enforcement is granted in part and denied in part. The court allows trebling of plaintiff's damages for defendant's violation of the Unfair and Deceptive Trade Practices Claim. Where delayed remedies is not warranted in this case, the portion of plaintiff's motion seeking election upon enforcement is denied;

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED**, pursuant to the court's order entered June 17, 2016 at Docket Entry 601, that plaintiff's motion for a permanent injunction is denied.

**This Judgment Filed and Entered on July 15, 2016, and Copies To:**

Pressly M. Millen (via CM/ECF Notice of Electronic Filing)
Burley Bayard Mitchell, Jr. (via CM/ECF Notice of Electronic Filing)
Krista S. Scwartz (via CM/ECF Notice of Electronic Filing)
Raymond M. Bennett (via CM/ECF Notice of Electronic Filing)
Sean Eric Andrussier (via CM/ECF Notice of Electronic Filing)
Christopher T. Graebe (via CM/ECF Notice of Electronic Filing)
Dennis O. Cohen (via CM/ECF Notice of Electronic Filing)
Edward Joseph Naughton (via CM/ECF Notice of Electronic Filing)
Mark R. Sigmon (via CM/ECF Notice of Electronic Filing)
Peter Brown (via CM/ECF Notice of Electronic Filing)
Jessie M. Gabriel (via CM/ECF Notice of Electronic Filing)

Rebecca MacDowell Lecaroz (via CM/ECF Notice of Electronic Filing)


July 15, 2016                         JULIE RICHARDS JOHNSTON, CLERK
                                       /s/ Susan W. Tripp
                                      (By) Susan W. Tripp, Deputy Clerk