IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-cv-25-FL

| | | |
|---|---|---|
| SAS INSTITUTE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER ON BILL OF COSTS** |
| | ) | |
| WORLD PROGRAMMING LIMITED, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the clerk on the motion for bill of costs [DE-529] filed by plaintiff SAS Institute, Inc. ("SAS"). Defendant World Programming Limited ("WPL") failed to file any objections, and the time for doing so has expired. See Local Civil Rule 54.1(b)(1). This matter is therefore ripe for determination. For the reasons stated below, the motion is granted in part.

## BACKGROUND

On October 9, 2015, a jury returned a verdict against WPL and in favor of SAS, awarding SAS damages on its claims for breach of contract, fraudulent inducement/fraud, and unfair and deceptive trade practices [DE-517]. The clerk entered judgment on October 16, 2015 [DE-528], and SAS filed its motion for bill of costs on October 30, 2015 [DE-529]. After the court ruled on various post-judgment motions for relief, the clerk entered an amended judgment [DE-610] on July 15, 2016.

## DISCUSSION

SAS seeks costs under Rule 54(d)(1) as the prevailing party in this action. See Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."). Federal courts

may assess only those costs listed in 28 U.S.C. § 1920. See Arlington Cent. Sch. Bd. of Educ. v. Murphy, 548 U.S. 291, 301 (2006); Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987), superseded on other grounds by statute, 42 U.S.C. § 1988. Local Civil Rule 54.1 "further refines the scope of recoverable costs." Earp v. Novartis Pharmaceuticals Corp., No. 5:11-CV-680-D, 2014 WL 4105678, at *1 (E.D.N.C. Aug. 19, 2014). In this case, SAS seeks recovery of $32,430.00 in costs from WPL.

    I.    Fees of the Clerk

First, SAS seeks reimbursement in the amount of $350.00 for the filing fee associated with removing this action to this court. Title 28, United States Code Section 1920(1) provides that fees of the clerk may be taxed, and accordingly this request is granted.

    II.    Fess for Service of Summons

Second, SAS seeks fees in the amount of $1,220.95 for service of process on WPL. Pursuant to 28 U.S.C. § 1920(1), fees of the marshal may be taxed. Generally in this district, fees for private process servers may be taxed, provided that the fees do not exceed the fees that would have been incurred had the marshal's office effected service. See Arista Records LLC v. Gaines, 635 F. Supp. 2d 414, 418-19 (E.D.N.C. 2009) ("Given the apparent congressional intent to make service of process fees a taxable item and due to the substitution of private process servers for the U.S. marshal in recent years, taxation of costs for special process servers is justifiable."); see also U.S. E.E.O.C. v. W&O, Inc., 213 F.3d 600, 624 (11th Cir. 2000) (reasoning that § 1920(1) refers to fees "of" the marshal but does not require payment "to" the marshal, and consequently "the 'fees of the marshal' refers to fees authorized by § 1921, rather than fees collected by the marshal."). In this case, however, process was served in the United Kingdom, where generally the United States Marshal Service does not effect service, and

accordingly, there is no comparable rate. Upon review of the invoice for service of process, and in consideration of the unique circumstances of this case where service was effected in a foreign jurisdiction and the absence of any objection by WPL, the clerk finds the requested cost to be reasonable, and SAS's request for fees in the amount of $1,220.95 is granted.

### III. Fees for Printed or Electronically Recorded Transcripts

Third, SAS seeks $30,293.25 in costs associated with fees for deposition and trial transcripts and electronic recordings of depositions. "Fees for printed or electronically recorded transcripts necessarily obtained for use in the case" may be taxed as costs. 28 U.S.C. § 1920(2).

#### A. Witnesses whose testimony was presented via video deposition

As part of its request for costs associated with transcripts, SAS submits court reporter invoices for six video depositions shown to the jury at trial by SAS for the following witnesses: Oliver Robinson, Sam Manning, Michael Creech, Charles Franklin Waselewski, Phillip Rack, and Thomas Quarendon. The invoices also includes charges for the printed deposition transcripts of these witnesses.

A party may recover the costs of both stenographic transcription of a deposition and videographer services provided that the party shows that both costs were "necessarily obtained for use in the case." See Cherry v. Champion Int'l Corp., 186 F.3d 442, 449 (4th Cir. 1999). Where a party notices a deposition to be recorded by both electronic and stenographic means, and the other party raises no objections at that time, the court will award the costs of both recordings. See Silicon Knights, Inc. v. Epic Games, Inc., 917 F. Supp. 2d 503, 511 (E.D.N.C. 2012) (awarding the prevailing party costs of both audiovisual videotaping and stenographic transcript of depositions where the other party failed to object after receiving notice that both methods of recording would be used). There is no indication in the record that WPL objected to

3

the dual means of transcription when the depositions of these witnesses were noticed, and the undersigned finds that both the printed transcripts and the videos of the depositions of these witnesses were necessarily obtained for use in the case.

Nevertheless, with regard to Oliver Robinson, Sam Manning, and Thomas Quaraendon, the amount sought by SAS for the printed and video copies of the depositions, and the invoices proffered in support of the request, include charges for more than one copy of the printed transcript, more than one copy of video transcript, or charges for "equipment movement." This court has construed 28 U.S.C. § 1902 and Local Civil Rule 54.1 as not encompassing these charges. See Local Civil Rule 54.1(c)(2)(b); see also Parrish v. Johnston Comty. Coll. No. 5:09-CV-22-H, slip. op. at 2-3 (E.D.N.C. Feb. 13, 2012) (observing that "Local Civil Rule 54.1(c)(1)(a) specifies that taxable costs incident to the taking of depositions normally include only the court reporter's fee and the fee for the original transcript of the deposition"). Consequently, taxable costs in the amount of $5,470.00 for Oliver Robinson, Sam Manning, and Thomas Quarendon are allowed.[1] All other requests for costs for these witnesses are denied without prejudice. SAS may reapply for the costs of the original printed transcripts[2] for these witnesses by filing a request with supporting documentation within 14 days of the filing date of this order.

With regard to Michael Creech, the supporting invoice also includes charges for the original printed transcript and a copy. Additionally, the invoice does not reference the $857.25 that SAS seeks to recover for the cost of the video deposition. Accordingly, taxable costs in the amount of the $150.00 reporter attendance fee for Michael Creech's deposition is allowed. All

---

[1] These taxable costs include the $195.00 reporter attendance fee for each witness and videographer attendance fees in the amount of $1,680.00 for the 12/18/13 deposition of Oliver Robinson, $1,630.00 for the 12/19/13 depositions of Oliver Robinson and Sam Manning, and $1,575.00 for the 2/28/14 deposition of Thomas Quarendon.

[2] The invoices for each of these witnesses included charges for "Original plus 1 copy" of the printed transcript. The undersigned is unable to determine the fee for just the original transcript from the invoices.

other costs are denied without prejudice to SAS to reapply with supporting documentation within 14 days of the filing date of this order.

Similarly, the invoice submitted for Phillip Rack is not itemized. The clerk is unable to determine what portion of the $1,583.24 sought in costs is attributable to the printed deposition transcript as opposed to the video deposition, and whether the requested costs include non-taxable fees. Consequently, costs for the deposition of Phillip Rack are denied without prejudice to SAS to reapply with supporting documentation within 14 days of the filing date of this order.

SAS's requested costs for the transcript of the deposition of Charles Franklin Waselewski, however, including the fee for one copy of the printed transcript and a copy of the video deposition, are allowed in full in the amount of $1,195.10.

### B. Other deposition costs

SAS also seeks costs associated with the depositions of witnesses who testified live at trial or whose depositions were used in conjunction with motions filed in this case: Oliver Robinson, Richard Langston, Beverly Carlton, Patricia Brown, Joseph Obermaier, John McDermott, Dr. James Storer, Dr. Christopher A. Vellturo, and Kendyl Roman. The clerk finds that the transcripts of the depositions of these witnesses were necessarily obtained for use in the case.

Nevertheless, the court reporter invoices for the deposition of Kendyl Roman and the 2010 deposition of Oliver Robinson show that SAS incurred costs in the amount of $5,533.96 for the original <u>and</u> one copy of these witnesses' depositions. These costs are disallowed pursuant to Local Civil Rule 54.1(c)(2)(b). SAS may reapply for the costs of the original transcript of the depositions of these witnesses by filing a request with supporting documentation within 14 days of this order. The remaining costs in the amount of $2,996.95 are allowed, which includes the

reporter attendance fee for the 2010 deposition of Oliver Robinson and one copy of the transcripts of the depositions of Richard Langston, Beverly Carlton, Patricia Brown, Joseph Obermaier, John McDermott, Dr. James Storer and Dr. Christopher A. Vellturo.

    C. <u>Trial transcript</u>

SAS also seeks $5,596.45 for a copy of the trial transcript, and attaches a court reporter invoice showing it received realtime transcription and overnight rough drafts of each day of the trial.

Local Civil Rule 54.1(c)(2)(c) provides that normally the costs of daily copies of trial transcripts are not taxed, unless prior court approval has been obtained. Moreover, like other costs that may be awarded under § 1920(2), the costs for realtime transcription and overnight rough drafts may be awarded only upon a showing that the transcripts were "necessarily obtained for use in the case" and were not obtained primarily for the use of counsel. <u>See Studiengesellschaft Kohle mbH v. Eastman Kodak Co.</u>, 713 F.2d 128, 133 (5th Cir. 1983). Courts have cautioned against awarding as a matter of course the costs associated with expedited trial transcripts, "lest litigation costs be unnecessarily increased." <u>Maris Distrib. Co. v. Anheuser-Busch, Inc.</u>, 302 F.3d 1207, 1226 (11th Cir. 2002). Nevertheless, courts have awarded costs for daily transcripts where the length and complexity of the trial rendered daily transcripts more than a luxury to counsel. <u>Id.</u>

Here, there is no indication in the motion for bill of costs whether SAS obtained prior court approval for its order of realtime transcription and overnight rough drafts. Additionally, SAS has offered no specific explanation why the daily transcripts were necessary. In the absence of evidence of prior court approval or an explanation for the necessity of daily transcripts, the request for costs associated with the trial transcripts is DENIED without prejudice. SAS may

reapply for the costs of the trial transcript, supported with evidence of prior court approval or an explanation why daily transcripts were necessarily obtained for use in the case, within 14 days of the filing date of this order

    IV.    <u>Witness Fees</u>

Finally, SAS seeks costs under § 1920(3) for witness fees. Under 28 U.S.C. § 1920(3), a court may tax "fees and disbursements for printing and witnesses." Witness expenses are generally limited by the provisions of 28 U.S.C. § 1821, which provides, in pertinent part, for a mileage allowance based at the rate for official government travel in effect at the time travel took place as set by the General Services Administration. <u>See</u> 28 U.S.C. § 1821(c)(1)(2). Under the Local Rules of this district, the actual mileage costs of a witness who is not a director or officer of a corporate party to the litigation may be taxed. <u>See</u> Local Civil Rule 54.1(c)(1)-(2).

Here, SAS asks that costs in the amount of $565.80 be taxed for the round-trip mileage expenses for four SAS non-officer witnesses who testified at trial, based on the federal mileage rate at the time of travel of 57.5 cents per mile. This request is granted.

## CONCLUSION

In summary, as the prevailing party, SAS is awarded (1) $350.00 in fees of the clerk pursuant to 28 U.S.C. § 1920(1); (2) $1,220.95 in service of process of fees pursuant to § 1920(1); (3) $9,812.50 in transcript and recording costs pursuant to § 1920(2); and (4) $565.80 in witness fees pursuant to § 1920(3). Total costs in the amount of $11,948.80 are taxed against defendant and shall be included in the judgment. Within 14 days of this order, SAS may reapply for the costs that were denied without prejudice, provided the application is supported by adequate documentation and explanation as specified herein.

SO ORDERED. This the 19th day of September, 2016.

_____
Julie Richards Johnston
Clerk of Court