IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No.: 5:10-CV-25-FL

| | | |
|---|---|---|
| SAS INSTITUTE, INC., | ) | |
| Plaintiff, | ) | **MEMORANDUM ORDER** |
| | ) | **GRANTING WPL'S MOTION** |
| v. | ) | **TO FILE REDACTED** |
| | ) | **VERSION OF WPL'S** |
| WORLD PROGRAMMING LIMITED, | ) | **APPEAL BOND** |
| Defendant. | ) | |

THIS MATTER is before the Court on Defendant World Programming Limited's ("WPL") request to redact portions of its Appeal Bond. Because the document in question relates and refers to sensitive and confidential business information of WPL, which this Court has previously redacted, Defendant asks that the Court allow WPL to file the document with the redactions proposed in Exhibit A to this Motion. For the reasons that follow, the Court GRANTS the Motion to Redact.

To determine whether to grant a request to seal or redact a document, the court must consider whether "the public's right of access is outweighed by competing interests." See Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000) (quoting In re Knight Pub. Co., 743 F.2d 231, 235 (4th Cir. 1984)). Although the common law presumes a right to inspect and copy judicial records and documents, denial of access is within the sound discretion of the court. Id. To determine whether a party's interest in sealing or redacting records outweighs the public's right to access, a court must engage in a three-part analysis: (1) provide public notice of the request to redact and allow interested parties a reasonable opportunity to object; (2) consider less drastic alternatives to redacting the documents; and (3) articulate the specific reasons and factual

findings supporting its decision to redact.  See id.; Morris v. Cumberland Cty. Hosp. Sys., Inc., No. 5:12-CV-629, 2013 WL 6116861, *1 (E.D.N.C. Nov. 13, 2013).

      The applicable standards justify redacting WPL's document.  The public has received adequate notice of the request to redact because this Motion has been docketed in the public record, and no objection has been raised in the interim.  See In re Knight Pub. Co., 743 at 235.  Additionally, there is no less drastic alternative to redacting the document.  Filing the document in the public record would disclose confidential and commercially sensitive information not generally known to the public.  Simply put, WPL's interest in preserving the confidentiality of its financial status outweighs any public interest in its disclosure.  Finally, the Court meets the third prong of the Ashcraft analysis by virtue of the findings delineated in this Order.

      For these reasons, WPL's Motion to Redact is hereby GRANTED.

It is so ORDERED.

*/s/ Louis W. Flanagan*
United States District Judge

Date: 3/24/2017