IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No.: 5:10-CV-25-FL

| | |
|---|---|
| SAS INSTITUTE INC., ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| v. ) | |
| ) | |
| WORLD PROGRAMMING LIMITED, ) | |
| Defendant. ) | |
| ) | |

THIS MATTER is before the Court on Defendant World Programming Limited's ("WPL") motion to file under seal the Notice of Supplemental Correspondence [D.E. 736] (collectively with exhibits, "Notice") filed by SAS Institute Inc.[1] Because the Notice contains information that is confidential, proprietary, and commercially sensitive information of WPL, WPL asks that the Court allow SAS Institute to file the Notice under seal. For the reasons that follow, the Court GRANTS WPL's motion to file under seal.

To determine whether to grant a request to seal a document, the court must consider whether "the public's right of access is outweighed by competing interests." See Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000) (quoting In re Knight Pub. Co., 743 F.2d 231, 235 (4th Cir. 1984)). Although the common law presumes a right to inspect and copy judicial records and documents, denial of access is within the sound discretion of the court. Id. To determine whether a party's interest in sealing records outweighs the public's right to access, a court must engage in a three-part analysis: (1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object; (2) consider less drastic alternatives

---

[1] WPL has submitted this motion in accordance with Section V(G) of the Court's CM/ECF Policies and Procedures Manual and in response to SAS Institute's Notice of Provisional Filing Under Seal dated February 8, 2018 [D.E. 739].

to sealing the document; and (3) articulate the specific reasons and factual findings supporting its decision to seal. See id.; Morris v. Cumberland Cty. Hosp. Sys., Inc., No. 5:12-CV-629, 2013 WL 6116861, *1 (E.D.N.C. Nov. 13, 2013).

The applicable standards justify sealing the Notice. The public has received adequate notice of the request to seal because this Motion has been docketed in the public record, and no objection has been raised in the interim. See In re Knight Pub. Co., 743 F.2d at 235. Additionally, there is no less drastic alternative to sealing the Notice because the confidential information about WPL's assets is encompassed in both letters and quoted in SAS Institute's notice document. Filing the Notice in the public record would disclose confidential and commercially sensitive information not generally known to the public. Simply put, WPL's interest in preserving the confidentiality of its assets outweighs any public interest in its disclosure. Finally, the Court meets the third prong of the Ashcraft analysis by virtue of the findings delineated in this Order.

For these reasons, WPL's motion to file under seal is hereby GRANTED. The Clerk is DIRECTED to file the foregoing documents UNDER SEAL. The Clerk is further DIRECTED to send a copy of this Memorandum Order to all counsel of record.

It is so ORDERED.

*[Signature]*
United States District Judge

Date: March 12, 2018