**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**
**WESTERN DIVISION**
**No.: 5:10-CV-25-FL**

| | | |
|---|---|---|
| SAS INSTITUTE INC., | ) | **ORDER GRANTING** |
| | ) | **MOTION FOR WORLD** |
| Plaintiff, | ) | **PROGRAMMING LIMITED TO FILE** |
| | ) | **UNDER SEAL SAS INSTITUTE** |
| v. | ) | **INC.'S MEMORANDUM IN** |
| | ) | **SUPPORT OF ITS MOTION TO** |
| WORLD PROGRAMMING LIMITED, | ) | **APPROVE CONSULTANTS FOR** |
| Defendant. | ) | **ACCESS TO DISCOVERY** |
| | ) | **MATERIALS AND EXHIBITS** |

THIS MATTER is before the Court on Defendant World Programming Limited's ("WPL") motion to file under seal the Memorandum in Support of Plaintiff's Motion to Approve Consultants for Access to Discovery Materials under Amended Stipulated Protective [D.E. 757] and accompanying exhibits [D.E. 756] (collectively, "Motion for Access") filed by SAS Institute Inc.[1] Because the Motion for Access contains information that is highly confidential, proprietary, and commercially sensitive information of WPL, WPL asks that the Court allow SAS Institute to file the Motion for Access under seal. For the reasons that follow, the Court GRANTS WPL's motion to file under seal.

To determine whether to grant a request to seal a document, the court must consider whether "the public's right of access is outweighed by competing interests." See Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000) (quoting In re Knight Pub. Co., 743 F.2d 231, 235 (4th Cir. 1984)). Although the common law presumes a right to inspect and copy judicial records and documents, denial of access is within the sound discretion of the court. Id. To determine whether a party's interest in sealing records outweighs the public's right to access, a

---

[1] WPL submits this motion in accordance with Section V(G) of the Court's CM/ECF Policies and Procedures Manual and in response to SAS Institute's Notice of Provisional Filing Under Seal dated May 17, 2018 [D.E. 758].

court must engage in a three-part analysis: (1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object; (2) consider less drastic alternatives to sealing the document; and (3) articulate the specific reasons and factual findings supporting its decision to seal.  See id.; Morris v. Cumberland Cty. Hosp. Sys., Inc., No. 5:12-CV-629, 2013 WL 6116861, *1 (E.D.N.C. Nov. 13, 2013).

The applicable standards justify sealing the Motion for Access.  The public has received adequate notice of the request to seal because this Motion has been docketed in the public record, and no objection has been raised in the interim.  See In re Knight Pub. Co., 743 F.2d at 235. Additionally, there is no less drastic alternative to sealing the Motion for Access because the confidential information is encompassed in each of the exhibits and quoted or summarized throughout SAS Institute's memorandum of law.  Filing the Motion for Access in the public record would disclose confidential and commercially sensitive information not generally known to the public.  Simply put, WPL's interest in preserving the confidentiality of its assets outweighs any public interest in its disclosure.  Finally, the Court meets the third prong of the Ashcraft analysis by virtue of the findings delineated in this Order.

For these reasons, WPL's motion to file under seal is hereby GRANTED.  The Clerk is DIRECTED to file the foregoing documents UNDER SEAL.  The Clerk is further DIRECTED to send a copy of this Memorandum Order to all counsel of record.

It is so ORDERED.

Louise W. Flanagan
United States District Judge

Date: June 7, 2018