IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No.: 5:10-CV-25-FL

| | |
|---|---|
| SAS INSTITUTE INC., <br>                 Plaintiff, <br> v. <br> WORLD PROGRAMMING LIMITED, <br>                 Defendant. | ORDER GRANTING MOTION OF WORLD PROGRAMMING LIMITED TO FILE UNDER SEAL SAS INSTITUTE INC.'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DENY ACCESS TO MATT MCCAHEARTY AND CHRISTOPHER CHARLTON PURSUANT TO PARAGRAPH 13 OF THE AMENDED STIPULATED PROTECTIVE ORDER AND EXHIBITS |

      THIS MATTER is before the Court on Defendant World Programming Limited's ("WPL") motion to file under seal the Memorandum in Opposition to Defendant's Motion to Deny Access to Matt McCahearty and Christopher Charlton Pursuant to Paragraph 13 of the Amended Stipulated Protective Order [D.E. 771] and its two accompanying exhibits (collectively, "Opposition") filed by SAS Institute Inc. ("SAS Institute").[1] Because the Opposition contains information that is highly confidential, proprietary, and commercially sensitive information of WPL, and which this Court has previously filed under seal, WPL asks that the Court allow SAS Institute to file its Opposition under seal. For the reasons that follow, the Court GRANTS WPL's motion to file the Opposition under seal.

      To determine whether to grant a request to seal a document, the court must consider whether "the public's right of access is outweighed by competing interests." See Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000) (quoting In re Knight Pub. Co., 743 F.2d 231,

---

[1]     WPL has submitted this motion in accordance with Section V(G) of the Court's CM/ECF Policies and Procedures Manual and in response to SAS Institute's Notice of Provisional Filing Under Seal dated June 14, 2018 [D.E. 772].

235 (4th Cir. 1984)). Although the common law presumes a right to inspect and copy judicial records and documents, denial of access is within the sound discretion of the court. Id. To determine whether a party's interest in sealing records outweighs the public's right to access, a court must engage in a three-part analysis: (1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object; (2) consider less drastic alternatives to sealing the document; and (3) articulate the specific reasons and factual findings supporting its decision to seal. See id.; Morris v. Cumberland Cty. Hosp. Sys., Inc., No. 5:12-CV-629, 2013 WL 6116861, *1 (E.D.N.C. Nov. 13, 2013).

The applicable standards justify sealing the Opposition. The public has received adequate notice of the request to seal because this motion has been docketed in the public record, and no objection has been raised in the interim. See In re Knight Pub. Co., 743 F.2d at 235. Additionally, there is no less drastic alternative to sealing the Opposition because the highly confidential information is quoted or summarized throughout SAS Institute's Opposition. Filing the Opposition in the public record would disclose confidential and commercially sensitive information not generally known to the public. Simply put, WPL's interest in preserving its confidential business information outweighs any public interest in its disclosure. Finally, the Court meets the third prong of the Ashcraft analysis by virtue of the findings delineated in this Order.

For these reasons, WPL's motion to file under seal is hereby GRANTED. The Clerk is DIRECTED to file the foregoing document UNDER SEAL. The Clerk is further DIRECTED to send a copy of this Memorandum Order to all counsel of record.

It is so ORDERED.

United States District Judge

Date: July 9, 2018.