IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No.: 5:10-CV-25-FL

| | | |
|---|---|---|
| SAS INSTITUTE, INC., | ) | MEMORANDUM ORDER GRANTING WPL'S MOTION TO FILE REDACTED VERSION OF ITS MEMORANDUM IN SUPPORT OF MOTION TO STRIKE SAS INSTITUTE'S NOTICE OF PARTIAL SATISFACTION OF JUDGMENT |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WORLD PROGRAMMING LIMITED, | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

THIS MATTER is before the Court on Defendant World Programming Limited's ("WPL") motion to allow it to file a redacted version of its Memorandum in Support of its Motion to Strike SAS Institute's Notice of Partial Satisfaction of Judgment (the "Memorandum"). Because the Memorandum makes reference to sensitive and confidential business information of WPL, which this Court has previously redacted, Defendant asks that the Court allow WPL to file the Memorandum with the redactions proposed in Exhibit A to this Motion. For the reasons that follow, the Court GRANTS WPL's Motion to Redact.

To determine whether to grant a request to seal or redact a document, the court must consider whether "the public's right of access is outweighed by competing interests." See Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000) (quoting In re Knight Pub. Co., 743 F.2d 231, 235 (4th Cir. 1984)). Although the common law presumes a right to inspect and copy judicial records and documents, denial of access is within the sound discretion of the court. Id. To determine whether a party's interest in sealing or redacting records outweighs the public's right to access, a court must engage in a three-part analysis: (1) provide public notice of the request to redact and allow interested parties a reasonable opportunity to object; (2) consider less

drastic alternatives to redacting the document; and (3) articulate the specific reasons and factual findings supporting its decision to redact. See id.; Morris v. Cumberland Cty. Hosp. Sys., Inc., No. 5:12-CV-629, 2013 WL 6116861, *1 (E.D.N.C. Nov. 13, 2013).

The applicable standards justify redacting WPL's Memorandum. The public has received adequate notice of the request to redact because the instant motion has been docketed in the public record, and no objection has been raised in the interim. See In re Knight Pub. Co., 743 F.2d at 235. Additionally, there is no less drastic alternative to redacting the Memorandum because the proposed redaction is extremely minimal. Filing the Memorandum in the public record would disclose confidential and commercially sensitive information not generally known to the public. Simply put, WPL's interest in preserving the confidentiality of its financial status outweighs any public interest in its disclosure. Finally, the Court meets the third prong of the Ashcraft analysis by virtue of the findings delineated in this Order.

For these reasons, WPL's Motion to Redact is hereby GRANTED. The Clerk is DIRECTED to file the foregoing document WITH REDACTIONS. The Clerk is further DIRECTED to send a copy of this Memorandum Order to all counsel of record.

It is so ORDERED.

_____
United States District Judge

Date: __1/28/19_____

2937096 v1