# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# WESTERN DIVISION
# No.: 5:10-CV-25-FL

| | |
|---|---|
| SAS INSTITUTE INC., <br>     Plaintiff, <br><br> v. <br><br> WORLD PROGRAMMING LIMITED, <br>     Defendant. | ORDER GRANTING MOTION FOR WORLD PROGRAMMING LIMITED TO FILE UNDER SEAL ITS REPLY IN SUPPORT OF ITS MOTION TO STRIKE SAS INSTITUTE'S NOTICE OF PARTIAL SATISFACTION OF JUDGMENT |

THIS MATTER is before the Court on Defendant World Programming Limited's ("WPL") motion to file under seal its Reply in Support of its Motion to Strike SAS Institute's Notice of Partial Satisfaction of Judgment (the "Reply"). Because the Reply contains information that is highly confidential, proprietary, and commercially sensitive information of WPL, WPL asks that the Court allow WPL to file the Reply under seal. For the reasons that follow, the Court GRANTS WPL's motion to file under seal.

To determine whether to grant a request to seal a document, the court must consider whether "the public's right of access is outweighed by competing interests." See Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000) (quoting In re Knight Pub. Co., 743 F.2d 231, 235 (4th Cir. 1984)). Although the common law presumes a right to inspect and copy judicial records and documents, denial of access is within the sound discretion of the court. Id. To determine whether a party's interest in sealing records outweighs the public's right to access, a court must engage in a three-part analysis: (1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object; (2) consider less drastic alternatives to sealing the document; and (3) articulate the specific reasons and factual findings supporting its

decision to seal.  See id.; Morris v. Cumberland Cty. Hosp. Sys., Inc., No. 5:12-CV-629, 2013 WL 6116861, at *1 (E.D.N.C. Nov. 13, 2013).

The applicable standards justify sealing the Reply.  The public has received adequate notice of the request to seal because this Motion has been docketed in the public record, and no objection has been raised in the interim.  See In re Knight Pub. Co., 743 F.2d at 235. Additionally, there is no less drastic alternative to sealing the Reply because the confidential information appears throughout in the entire Reply.  Filing the Reply in the public record would disclose confidential and commercially sensitive information not generally known to the public. Simply put, WPL's interest in preserving the confidentiality of its financial status outweighs any public interest in its disclosure.  Finally, the Court meets the third prong of the Ashcraft analysis by virtue of the findings delineated in this Order.

For these reasons, WPL's motion to file under seal is hereby GRANTED.  The Clerk is DIRECTED to file the foregoing document UNDER SEAL.  The Clerk is further DIRECTED to send a copy of this Memorandum Order to all counsel of record.

It is so ORDERED.

_____
United States District Judge

Date: 1/28/19