IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CV-25-FL

| | | |
|---|---|---|
| SAS INSTITUTE INC., | ) ) | |
| Plaintiff, | ) ) | **[PROPOSED] ORDER GRANTING MOTION OF WORLD PROGRAMMING LIMITED TO FILE LETTER TO COURT UNDER SEAL AND TO FILE REDACTED VERSION** |
| v. | ) ) | |
| WORLD PROGRAMMING LIMITED, | ) ) | |
| Defendant. | ) ) ) | |

THIS MATTER is before the Court on Defendant World Programming Limited's ("WPL") motion to file under seal the letter to the Court dated September 3, 2021, and to file a redacted version on the public docket. Because the letter contains highly confidential, proprietary, and commercially sensitive information of WPL, WPL asks that the Court allow WPL to file the letter under seal and file on the public docket a version of the letter that redacts its sensitive, confidential information. For the reasons that follow, the Court GRANTS WPL's motion.

To determine whether to grant a request to seal a document, the court must consider whether "the public's right of access is outweighed by competing interests." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000) (quoting *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984)). Although the common law presumes a right to inspect and copy judicial records and documents, denial of access is within the sound discretion of the court. *Id.* To determine whether a party's interest in sealing records outweighs the public's right to access, a court must engage in a three-part analysis: (1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object; (2) consider less drastic alternatives to sealing the document; and (3) articulate the specific reasons and factual findings supporting its decision

to seal. *See id.*; *Morris v. Cumberland Cty. Hosp. Sys., Inc.*, No. 5:12-CV-629, 2013 WL 6116861, at *1 (E.D.N.C. Nov. 13, 2013).

The applicable standards justify sealing the letter. The public has received adequate notice of the request to seal because this Motion has been docketed in the public record, and no objection has been raised in the interim. *See In re Knight Pub. Co.*, 743 F.2d at 235. Additionally, there is no less drastic alternative to sealing the original version of the letter and filing a public version that redacts WPL's confidential information. Filing the unredacted letter in the public record would disclose confidential and commercially sensitive information not generally known to the public. Simply put, WPL's interest in preserving the confidentiality of its assets outweighs any public interest in its disclosure. Finally, the Court meets the third prong of the *Ashcraft* analysis by virtue of the findings delineated in this Order.

For these reasons, WPL's motion to file under seal and to file a redacted version is hereby GRANTED. The Clerk is DIRECTED to maintain the original letter dated September 3, 2021 UNDER SEAL, and defendant WPL is DIRECTED to file Exhibit A "Redacted Letter" attached to the memorandum in support at DE957 on the docket within 5 days of the date of this order.

It is so ORDERED. Date:
    9/30/21

LOUISE W. FLANAGAN
United States District Judge