IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CV-25-FL

| | |
|---|---|
| SAS INSTITUTE INC., <br>     Plaintiff, <br> v. <br> WORLD PROGRAMMING LIMITED, <br>     Defendant. | ORDER GRANTING MOTION OF WORLD PROGRAMMING LIMITED TO REDACT PORTIONS OF SAS INSTITUTE INC.'S MEMORANDUM IN SUPPORT TO MOTION TO SHOW CAUSE AND FOR IN-PERSON HEARING, AND DECLARATION OF PRESSLY M. MILLEN, AND KEEP UNDER SEAL ONE ATTACHMENT |

THIS MATTER is before the Court on Defendant World Programming Limited's ("WPL") motion to redact portions of SAS Institute Inc.'s Memorandum in Support of Motion to Show Cause & for In-Person Hearing, Dkt. 977 and Declaration of Pressly M. Millen in Motion to Show Cause & for In-Person Hearing Dkt. 978; and keep under seal one Attachment, Dkt. 978-5, filed by SAS Institute Inc. ("SAS Institute").[1]

Because the Memorandum contains highly confidential, proprietary, and commercially sensitive information of WPL, WPL asks that the Court to filed redacted versions of the Memorandum and Declaration, and to keep sealed one Attachment. For the reasons that follow, the Court GRANTS WPL's motion to seal.

To determine whether to grant a request to seal a document, the court must consider whether "the public's right of access is outweighed by competing interests." *See Ashcraft v. Conoco,*

---

[1] WPL submits this motion in accordance with Section V(G) of the Court's CM/ECF Policies and Procedures Manual and in response to SAS Institute Inc.'s Notices to World Programming Limited of Provisional Filing Under Seal, Dkt. 979.

*Inc.*, 218 F.3d 288, 302 (4th Cir. 2000) (quoting *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984)). Although the common law presumes a right to inspect and copy judicial records and documents, denial of access is within the sound discretion of the court. *Id.* To determine whether a party's interest in sealing records outweighs the public's right to access, a court must engage in a three-part analysis: (1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object; (2) consider less drastic alternatives to sealing the document; and (3) articulate the specific reasons and factual findings supporting its decision to seal. *See id.*; *Morris v. Cumberland Cty. Hosp. Sys., Inc.*, No. 5:12-CV-629, 2013 WL 6116861, at *1 (E.D.N.C. Nov. 13, 2013).

The applicable standards justify redacting portions the Memorandum and Declaration and sealing one Attachment. The public has received adequate notice of the request to seal because this Motion has been docketed in the public record, and no objection has been raised in the interim. *See In re Knight Pub. Co.*, 743 F.2d at 235. Additionally, there is no less drastic alternative to redacting the Memorandum and Declaration, and sealing one Attachment. Filing the unredacted Memorandum and Declaration, and the unsealed Attachment, in the public record would disclose confidential and commercially sensitive information not generally known to the public. Simply put, WPL and third party interests in preserving the confidentiality of their confidential and proprietary information outweighs any public interest in its disclosure. Finally, the Court meets the third prong of the *Ashcraft* analysis by virtue of the findings delineated in this Order.

For these reasons, WPL's motion is hereby GRANTED. The Clerk is DIRECTED to file the Motion and Declaration WITH REDACTIONS, (as lodged at DE 987-1 and 987-2), and to maintain the Attachment at DE 978-5 UNDER SEAL.

It is so ORDERED.

Date: February 2, 2022

_____
United States District Judge

3