IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CV-25-FL

| | |
|---|---|
| SAS INSTITUTE INC., <br>     Plaintiff, <br><br> v. <br><br> WORLD PROGRAMMING LIMITED, <br>     Defendant. | ORDER GRANTING MOTION OF WORLD PROGRAMMING LIMITED TO REDACT PORTIONS OF ONE ATTACHMENT TO THE DECLARATION OF PRESSLY M. MILLEN FILED IN SUPPORT OF SAS INSTITUTE INC.'S MEMORANDUM IN SUPPORT OF SECOND POST-JUDGMENT MOTION TO COMPEL, AND KEEP UNDER SEAL TWO ATTACHMENTS |

    THIS MATTER is before the Court on Defendant World Programming Limited's ("WPL") motion to redact portions of one Attachment to the Declaration of Pressly M. Millen filed in Support of SAS Institute Inc.'s Memorandum in Support of SAS Institute Inc.'s Second Post-Judgment Motion to Compel (Dkt. 983), Dkt. 984-5, and keep under seal two Attachments to the Declaration of Pressly M. Millen filed in Support of SAS Institute Inc.'s Memorandum in Support of SAS Institute Inc.'s Second Post-Judgment Motion to Compel (Dkt. 983), Dkt. 984-3 and Dkt. 984-10, filed by SAS Institute Inc. ("SAS Institute").[1]

    Because the Attachments contain highly confidential, proprietary, and commercially sensitive information of WPL and third parties, WPL asks that the Court to file a redacted version of the Attachment at Dkt. 984-5, and to keep sealed the Attachments at Dkt. 984-3 and Dkt. 984-10. For the reasons that follow, the Court GRANTS WPL's motion to seal.

---

[1] WPL submits this motion in accordance with Section V(G) of the Court's CM/ECF Policies and Procedures Manual and in response to SAS Institute Inc.'s Notice to World Programming Limited of Provisional Filing Under Seal, Dkt. 985.

To determine whether to grant a request to seal a document, the court must consider whether "the public's right of access is outweighed by competing interests." *See Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000) (quoting *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984)). Although the common law presumes a right to inspect and copy judicial records and documents, denial of access is within the sound discretion of the court. *Id.* To determine whether a party's interest in sealing records outweighs the public's right to access, a court must engage in a three-part analysis: (1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object; (2) consider less drastic alternatives to sealing the document; and (3) articulate the specific reasons and factual findings supporting its decision to seal. *See id.*; *Morris v. Cumberland Cty. Hosp. Sys., Inc.*, No. 5:12-CV-629, 2013 WL 6116861, at *1 (E.D.N.C. Nov. 13, 2013).

The applicable standards justify redacting portions of the Attachment at Dkt. 984-5 and sealing the Attachments at Dkt. 984-3 and Dkt. 984-10. The public has received adequate notice of the request to seal because this Motion has been docketed in the public record, and no objection has been raised in the interim. *See In re Knight Pub. Co.*, 743 F.2d at 235. Additionally, there is no less drastic alternative to redacting the Attachment and sealing two Attachments. Filing the unredacted and unsealed Attachments, in the public record would disclose confidential and commercially sensitive information not generally known to the public. Simply put, WPL and third party interests in preserving the confidentiality of their confidential and proprietary information outweighs any public interest in its disclosure. Finally, the Court meets the third prong of the *Ashcraft* analysis by virtue of the findings delineated in this Order.

For these reasons, WPL's motion is hereby GRANTED. The Clerk is DIRECTED to file the Attachment at DE 984-5 WITH REDATIONS (as lodged at DE 995-1), and to maintain DE 984-10 UNDER SEAL.

It is so ORDERED.

Date: February 2, 2022

                                          Louise Wood Flanagan
                                          United States District Judge

3

Case 5:10-cv-00025-FL  Document 994-1  Filed 02/02/22  Page 3 of 3