UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

SAS INSTITUTE INC.,

    Plaintiff,

v.

WORLD PROGRAMMING LIMITED,

    Defendant.

Civil Action No. 5:10-CV-25-FL

**ORDER GRANTING MOTION TO SEAL
CONSENT MOTION TO MODIFY INJUNCTION
AND SUPPORTING DOCUMENTS**

THE MATTER before the Court is the motion of Altair Engineering Inc. and defendant World Programming Limited ("WPL") (collectively "Altair") to seal its (1) Consent Motion to Modify Injunction, (2) the supporting memorandum, (3) the supporting declaration, and (4) the proposed order.[1]

Because the documents contain highly confidential, proprietary, and commercially sensitive information of Altair and its customer, Altair asks that the Court to seal the consent motion and the supporting brief and declaration. For the reasons that follow, the Court GRANTS the motion.

To determine whether to grant a request to seal a document, the Court must consider whether "the public's right of access is outweighed by competing interests." *See Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000) (quoting *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984)). Although the common law presumes a right to inspect and copy judicial records

---

[1] Altair submits this motion in accordance with Section V(G) of the Court's CM/ECF Policies and Procedures Manual.

and documents, denial of access is within the sound discretion of the court. *Id.* To determine whether a party's interest in sealing records outweighs the public's right to access, a court must engage in a three-part analysis: (1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object; (2) consider less drastic alternatives to sealing the document; and (3) articulate the specific reasons and factual findings supporting its decision to seal. *See id.*; *Morris v. Cumberland Cty. Hosp. Sys., Inc.*, No. 5:12-CV-629, 2013 WL 6116861, at *1 (E.D.N.C. Nov. 13, 2013).

The applicable standards justify sealing the documents. The public has received adequate notice of the request to seal because Altair's motion to seal has been docketed in the public record, and no objection has been raised in the interim. *See In re Knight Pub. Co.*, 743 F.2d at 235. Additionally, there is no less drastic alternative to sealing the documents as they are relatively short and contain confidential information throughout. Filing the unsealed documents in the public record would disclose confidential and commercially-sensitive information not generally known to the public of both Altair and its customer, a state Medicaid agency. Altair and the customer's interests in preserving the confidentiality of the information outweigh any public interest in its disclosure. Finally, the Court meets the third prong of the *Ashcraft* analysis by virtue of the findings delineated in this Order.

For these reasons, Altair's motion is hereby GRANTED. The Clerk is DIRECTED to keep UNDER SEAL Altair's (1) Consent Motion to Modify Injunction, (2) the supporting memorandum, (3) the supporting declaration, and (4) the proposed order (DE 997, 997-1, 998, 999).

It is so ORDERED.

Date: February 2, 2022.

_____
United States District Judge